**Alexandria**

WAYNE T. BROWN

v.

COMMONWEALTH OF VIRGINIA

No. 0957-87-4

Decided May 2, 1989

COUNSEL

Patricia A. Smith (Sanders, O'Donnell & Smith, on brief), for appellant.

Katherine B. Toone, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—This appeal addresses the limitation upon the Court of Appeals to consider a trial court error for which no contemporaneous objection was made. The alleged error occurred in sentencing. Rule 5A:18 directs that no ruling of a trial court will

be considered as a basis for reversal unless the objection and grounds were stated at the time, except for good cause shown or to enable the court to attain the ends of justice. The appellant does not contend that good cause existed for failing timely to object to the alleged error. In fact, he contends his trial counsel was ineffective by failing to object.[1] We consider whether the ends of justice require that we disregard the Rule 5A:18 procedural deficiency and redress the error.

---

[1] For the reasons stated in this footnote we dismiss the appeal to the following additional questions which appellant briefed and argued: (1) whether trial counsel's failure to attempt to suppress the appellant's oral confession or to object to its admission at trial, and (2) whether counsel's failure to make a contemporaneous objection to the sentencing error, violated his sixth amendment right to effective assistance of counsel. For reasons which will be apparent from the opinion, it is unnecessary that we consider the sixth amendment constitutional challenge to counsel's failure to object to the sentencing error.

Concerning appellant's claim that his counsel was ineffective for failing to object to the admission in evidence of the confession, Code § 19.2-317.1 provides that an ineffectiveness of counsel claim can be raised on direct appeal *only* "if all matters relating to such issue are fully contained within the record of the trial." The Supreme Court defined the narrow application of the statute:

> Defendant complains of errors of omission committed by his trial counsel. *Yet the record contains no testimony from trial counsel* concerning his alleged acts of omission. Were we to attempt to dispose of defendant's contention on this record, we would be called upon to declare the work of an attorney to be ineffective without that attorney having any opportunity to explain his conduct.
>
> The defendant argues, however, that though the record does not contain everything that relates to the question of ineffective assistance of counsel, it contains enough to establish that trial counsel failed to do things that obviously should have been done and for which there can be no acceptable explanation. However, *the statute does not say that we can proceed where there is partial evidence* of ineffectiveness. The statute presupposes a full record on the very issue that is the basis for the claim of ineffective assistance of counsel.

*Beaver v. Commonwealth,* 232 Va. 521, 537, 352 S.E.2d 342, 351-52, *cert. denied,* 107 S. Ct. 3277 (1987) (citation omitted) (emphasis added).

We can not say on this record that no conceivable basis exists for trial counsel's failure to have moved to suppress or to have objected to the admission of appellant's confession. Conceivably a confession may contain an explanation or mitigating factors which an accused may not otherwise be able to introduce in evidence without waiving his right not to testify. We will not declare trial counsel's alleged omissions a violation of constitutional guarantees when counsel has been afforded no opportunity to answer or explain the assertions. Other conceivable explanations which do not constitute attorney misfeasance could account for the decision not to challenge admission into evidence of the confession. All matters necessary to consider appellant's ineffective counsel claim are not in the record. Accordingly, we decline to address on direct appeal that issue. We dismiss that aspect of the appeal without prejudice. *See Payne v. Commonwealth,* 5 Va. App. 498, 364 S.E.2d 765 (1988).

The crux of the sentencing error is that Wayne T. Brown was convicted for one burglary but was sentenced for another burglary without Brown or his attorney voicing any objection at the time of sentencing. In a bench trial the court convicted Brown of statutory burglary with the intent to commit larceny. Approximately two weeks later the trial judge sentenced Brown to seven years in the penitentiary.[2] The record clearly establishes that at the sentencing hearing the trial judge sentenced Brown for the criminal offense described in the presentence report, which was a burglary other than the one for which Brown had been indicted and convicted. Neither the trial judge nor the prosecutor discovered the error, and, inexplicably, if either the appellant or his trial counsel was aware of it, neither made the error known or objected to it. The appellant now urges that we consider the error for the first time on appeal in order to attain the ends of justice. The Commonwealth, acknowledging at oral argument that the crime described in the offense section of the presentence report was erroneous, argues that since appellant was sentenced with the permissible range of punishment for statutory burglary, the crime for which he was convicted, no prejudice resulted. Therefore, according to the Commonwealth, we should apply Rule 5A:18 and decline to consider the alleged error. The Attorney General contends that no clear miscarriage of justice can be demonstrated because Brown was sentenced for the same type of felony with very similar facts to the burglary for which he was convicted.

The burglary for which Brown was convicted occurred on February 22, 1987. Brown kicked in the front door of Mrs. Elizabeth C. Hayes' townhouse in Fairfax. No one was at home at the time. Brown entered the Hayes' residence and, after looking through a desk on the ground floor and finding nothing "worth taking," he left the home. In leaving, Brown broke an iron gate as he left Hayes' yard.

Approximately one month after the Hayes' breaking and entering, Brown was arrested for another burglary in Fairfax. After signing a "*Miranda* rights waiver" form, Brown confessed to the burglary for which he had been arrested and to the Hayes'

---

[2] The authorized punishment for violating Code § 18.2-91, statutory burglary, is a penitentiary sentence for not less than one or more than twenty years, or in the discretion of the judge or jury a jail sentence not to exceed twelve months or a fine of up to $1,000, either or both.

burglary.

After pleading not guilty, Brown was convicted in a bench trial on June 10, 1987, of statutory burglary for breaking and entering the Hayes' townhouse. Since a presentence investigation and report were being prepared for another sentencing hearing scheduled June 19, 1987, the court indicated that the Hayes' conviction could be added to the report and the same presentence report which was being prepared could be used for sentencing.

At the sentencing hearing on June 26, 1987, the presentence report which was introduced contained a narrative that described a burglary other than that of the Hayes' residence. Although the report identified the case by the docket number assigned the indictment for the Hayes' burglary, the account was for another burglary which Brown committed in Alexandria on February 22, the same day of the Hayes' breaking and entering. According to the report, an investigating officer responded to a neighbor's call and discovered that the front door of Mrs. Sampson's townhouse had been forced open. The door frame had been torn away from the house foundation. A bottom floor window had been broken. A VCR purchased for $350 was stolen. The report indicated that Brown had admitted to an investigating officer burglarizing the townhouse "after he was given immunity by the Commonwealth's Attorney." However, the report indicated that Brown reported to the officer preparing the presentence report that he did not "fully recall what happen in this burglary. This was part of a plee agree [sic]."

At sentencing the trial judge stated:

I heard this case in a bench trial, and I was struck by the fact that you busted into this door, smashed the door frame as I recall, and took things and then came out in this presentence report that we don't even remember what you did. Help is fine, but you've got to help yourself. Help yourself after you serve these sentences.

I sentence you to seven years in the state penitentiary.

In imposing sentence the trial judge clearly considered that Brown had taken property in the burglary and had reported to the probation officer that he did not "even remember what [he] did." Unquestionably the trial court mistakenly sentenced Brown for a bur-

glary other than the one for which he was convicted.

Under Rule 5A:18 we do not notice the trial errors for which no timely objection was made except in extraordinary situations when necessary to enable us to attain the ends of justice. The laudatory purpose behind Rule 5A:18, and its equivalent Supreme Court Rule 5:25, frequently referred to as the contemporaneous objection rules, is to require that objections be promptly brought to the attention of the trial court with sufficient specificty that the alleged error can be dealt with and timely addressed and corrected when necessary. The rules promote orderly and efficient justice and are to be strictly enforced except where the error has resulted in manifest injustice. Errors can usually be corrected in the trial court, particularly in a bench trial, without the necessity of appeal. Because our function is to review the rulings of the trial court, rather than superintend the proceedings, we will notice error for which there has been no timely objection only when necessary to satisfy the ends of justice. *White v. Commonwealth*, 3 Va. 231, 234, 348 S.E.2d 866, 868 (1986).

Whether we apply the bar of Rule 5A:18 or invoke the ends of justice exception, we must evaluate the nature and effect of the error to determine whether a clear miscarriage of justice occurred. We must determine whether the error clearly had an effect upon the outcome of the case. The error must involve substantial rights. The guilt determination phase is not the only aspect of the trial to be reviewed. For a convicted criminal the length of sentence becomes the most important aspect of the case. Due process protections apply to sentencing. *United States v. Tucker*, 404 U.S. 443 (1971); *Townsend v. Burke*, 334 U.S. 736 (1940).

The Commonwealth relies upon *Mounce v. Commonwealth*, 4 Va. App. 433, 357 S.E.2d 742 (1987) to argue that no miscarriage of justice has occurred because the defendant cannot show that had the offense description been correct a different (presumably lesser) sentence would have given. The Attorney General argues that *Mounce* held it is not sufficient to show "that a miscarriage [of justice] *might* have occurred;" rather, in order to prevail when the appellant has not timely objected to the error at trial "the record [must] affirmatively [show] that a miscarriage of justice has occurred." *Id*. at 436, 357 S.E.2d at 744.

Although the ends of justice exception is narrow and is to be used sparingly, the Commonwealth places too restrictive an interpretation upon *Mounce*. The language in *Mounce* that to avail himself of the rule the defendant had to affirmatively show [that] "a miscarriage of justice [has] occurred, not . . . that a miscarriage *might* have occurred" requires that the error be clear, substantial and material. *Mounce* dealt with the sufficiency of the evidence to prove the value of a vehicle that was the subject of a felonious unauthorized use conviction. We held that, although there was no direct evidence that the vehicle's value exceeded $200, there was circumstantial evidence of the age, make, and operating condition of the vehicle that could support a jury's finding that the value of the car exceeded $200. For that reason, we were unwilling to consider the alleged error without objection because we could not say that the finding as to value was clearly erroneous.

▮ In the case at bar, the defendant was sentenced for a crime other than that for which he was convicted. The error is clear, material and substantial. A convicted criminal has the right to be sentenced based upon the facts and circumstances of the crime committed. Code § 18.2-91 provides a range of punishment for burglary in order to accommodate the degree of culpability which can vary greatly for the same offense. Even accomplices who commit the same offense may receive disparate sentences because of particular facts and circumstances of their case. Under Virginia's sentencing structure the Commonwealth's argument that the facts of the crime did not have a bearing upon the sentence which the judge imposed is patently untenable. While the Commonwealth argues that the record does not clearly support the finding that the trial judge relied upon the misdescription of the offense, our review of the record clearly indicates otherwise. It is clear on this record that the trial court did consider the misstatements of fact contained in the presentence report—the erroneous assertions that the burglary included the theft of property and that the appellant, after having confessed to the crime, told the probation officer that he did not recall the offense. Whether the identical sentence would have been imposed had the offense description in the report been correct simply cannot be determined. In our judgment, prejudice or manifest injustice results when a person is sentenced for a crime other than that for which he was convicted. We reject the Commonwealth's argument that to establish that a miscarriage of

justice occured the defendant must show that a different sentence would have been imposed. The error in this case is so contrary to fundamental notions of justice that to permit it to pass uncorrected would seriously undermine the integrity of our judicial system.[3] The ends of justice exception permits redress in those limited instances of obvious injustice.

In *Ball v. Commonwealth*, 221 Va. 754, 273 S.E.2d 790 (1981) the Supreme Court excused its power to consider an issue on appeal to attain the ends of justice where defense counsel failed to object to an instruction which improperly defined the offense and permitted the jury to convict the defendant of a greater offense than the facts and the law provided. The Commonwealth argues that the case at bar can be distinguished from *Ball* and characterizes the case as more analogous to those cases where the defendant fails to object to misinformation in the presentence report. The error of sentencing a defendant for a crime other than that for which he stands convicted is more substantial than misinformation contained in the presentence report; clearly the facts of the crime affect the sentence imposed, whereas other misinformation in the report *might* not.

Finally, the Commonwealth contends that we must presume that the trial court based its decision on the correct information and disregarded the misstatements. Although we presume that a trial judge properly based his decision on the evidence presented, *Mason v. Commonwealth*, 219 Va. 1091, 1098, 254 S.E.2d 116, 120, *cert. denied*, 444 U.S. 919 (1979) and properly applied the law, *Yarborough v. Commonwealth*, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977), we do not indulge those presumptions in the face of clear evidence to the contrary.

Accordingly, we hold that a miscarriage of justice occurred when the trial court sentenced the appellant for a crime other than that for which he had been convicted. While strict enforcement of our court rules and procedure is essential to the orderly administration of justice, the error in this case is so manifestly unjust that we must overlook the failure to make a contemporaneous objective and exercise our authority to consider this issue on

---

[3] The state's interest in prevailing at trial and in upholding the verdict on appeal must be tempered by its duty to work for a just, fair and accurate adjudication of criminal cases.

appeal in order to attain the ends of justice. We find that the defendant was, in fact, sentenced for a crime other than that for which he was convicted. Accordingly, we vacate the sentence and remand the case to the trial court for resentencing.

*Sentence vacated and remanded.*

Barrow, J., and Keenan, J., concurred.