COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Annunziata and Bumgardner
Argued at Alexandria, Virginia


RANDY PRESSLEY, S/K/A
 RANDY NICHOLAS PRESSLEY
                                   MEMORANDUM OPINION[*] BY
v.    Record No. 3019-96-4     JUDGE ROSEMARIE ANNUNZIATA
                                        JANUARY 13, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Michael P. McWeeny, Judge

          Emil P. Moschella for appellant.

          John H. McLees, Jr., Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellee.


     Randy Nicholas Pressley (appellant) appeals his sentence for

attempted robbery and one count of use of a firearm in the

commission of a felony.  He contends that the trial court erred

in believing that it lacked the discretion to sentence him as a

juvenile.  We find no error in the court's decision and affirm.

     We limit our discussion of the facts and arguments to those

which are strictly relevant to our decision.  When appellant was

seventeen years old, he used an air rifle to attempt to rob two

men.  The Commonwealth filed petitions in the juvenile and

domestic relations district court charging appellant with one

count each of attempted robbery and use of a firearm in the

commission of a felony.  After waiving a transfer hearing,

appellant was transferred to circuit court where he was indicted

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

by a grand jury for the same crimes. Appellant subsequently pleaded guilty to both counts.

A Presentence Investigation Report prepared on October 8, 1996, describes appellant as eighteen years old and the upcoming sentencing as "his first adult felony sentencing event." Prior to the sentencing hearing, appellant filed a memorandum arguing that he may and should be sentenced as a juvenile because he had not committed a "violent juvenile felony" which would require he be sentenced as an adult.

Appellant was sentenced on November 8, 1996, one month and three days after his eighteenth birthday. At the sentencing hearing, the Commonwealth argued that the minimum mandatory three-year sentence applied whether appellant was treated as a juvenile or an adult, but that the court should impose a longer sentence. The court sentenced appellant to five years incarceration for attempted robbery, with four years and six months suspended, and three years incarceration for use of a firearm during a felony.

Under the relevant provisions of Title 16.1, it is clear that the circuit court had the authority to sentence appellant either as a juvenile or as an adult.[1] In appellant's Memorandum

_____

[1]Code § 16.1-272 provides in relevant part:

> Power of circuit court over juvenile offender. A. In any case in which a juvenile is indicted, the offense for which he is indicted and all ancillary charges shall be tried in the same manner as provided for in the trial of adults, except as

re Sentencing submitted for the court's consideration, the appellant asked the court to consider imposing a sentence under Code § 16.1-272(A).  He also asked the court to consider other sentencing provisions of Title 16.1, including Code §§ 16.1-278.8 and 16.1-284.1.  After considering the Memorandum and the argument of both counsel, the trial court declined to sentence appellant under the juvenile code, stating:

Mr. Pressley, your counsel has made a very

otherwise provided with regard to sentencing. . . .
1.  If a juvenile is convicted of a violent juvenile felony, the sentence for that offense and for all ancillary crimes shall be fixed by the court in the same manner as provided for adults, but the sentence may be suspended conditioned upon successful completion of such terms and conditions as may be imposed in a juvenile court upon disposition of a delinquency case.
2.  If the juvenile is convicted of any other felony, the court may sentence or commit the juvenile offender in accordance with the criminal laws of this Commonwealth or may in its discretion deal with the juvenile in the manner prescribed in this chapter for the hearing and disposition of cases in the juvenile court, including, but not limited to, commitment under § 16.1-285.1.

Code § 16.1-284 provides:

When adult sentenced for juvenile offense.  When the juvenile court sentences an adult who has committed, before attaining the age of eighteen, an offense which would be a crime if committed by an adult, the court may impose the penalties which are authorized to be imposed on adults for such violations, not to exceed the punishment for a Class 1 misdemeanor for a single offense or multiple offenses.

3

strong argument for treatment under the Youthful Offender Act but one of the exclusions of the Youthful Offender Act is for violent felonies and that's where this falls. I can not treat you as a juvenile.

On appeal, the appellant concludes from these statements by the court that it erroneously failed to properly exercise its discretion, contending inter alia, that the court did not believe it had the authority to do so. We disagree.

Appellant first contends that the court erred in concluding it could not sentence appellant as a juvenile under Code § 16.1-269.1, because of his "violent felony." Appellant correctly points out that neither of his offenses of conviction, attempted armed robbery and use of a firearm in the commission of a felony, is enumerated as a "violent juvenile felony" under Code § 16.1-269.1. However, as is argued by the Commonwealth, the court's reference to "violent felony" does not ineluctably lead to the conclusion that it was referring to the "violent juvenile felony" provision of Code § 16.1-269.1 when it stated its findings. Indeed, the record, taken as a whole, supports the conclusion that the court had before it and gave consideration to all the relevant factors under the juvenile sentencing provisions in determining whether appellant was more properly sentenced under the criminal law applicable to adults or that governing the disposition of juveniles, and that, in announcing its finding, it was not particularly addressing the requirements for sentencing under Code § 16.1-269.1. In the absence of clear evidence to the

4

contrary, "we presume that a trial judge . . . properly applied the law." Brown v. Commonwealth, 8 Va. App. 126, 133, 380 S.E.2d 8, 12 (1989) (citing Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977)). Viewing the evidence in the record before us as a whole, we find it insufficient to rebut this presumption.

For the reasons stated in this opinion, we affirm.

Affirmed.