COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


JOSEPH D. MORRISSEY

                                MEMORANDUM OPINION[*] BY
v.    Record No. 2533-97-2     JUDGE ROSEMARIE ANNUNZIATA
                                     APRIL 20, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      William R. Shelton, Judge

            David B. Hargett (Gary R. Hershner;
            Morrissey, Hershner & Jacobs, on brief), for
            appellant.

            John H. McLees, Jr., Assistant Attorney
            General (Mark L. Earley, Attorney General,
            on brief), for appellee.


     Joseph D. Morrissey ("appellant") was convicted of contempt

based on remarks he made before the circuit court in violation

of Code § 18.2-456(3) and (4).  The court summarily sentenced

appellant to thirty days in jail.  Appellant appeals,

contending:  1) the record does not support his conviction; 2)

the trial court erred, on various constitutional grounds, by

increasing his sentence to thirty days in jail after initially

sentencing him to ten days; and 3) the trial court erred, on two

grounds, by sentencing him to more than ten days in jail.

Because appellant failed to preserve his claims under Rule

_____
     [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

5A:18, and because we find no reason to invoke the ends of justice exception to the Rule's applicability, we conclude that our review of these issues raised for the first time on appeal is procedurally barred.  Thus, we affirm appellant's conviction.

On October 20, 1997, appellant appeared before the Circuit Court of Chesterfield County for the purpose of representing a client during a sentencing hearing.  After appellant and the Commonwealth's Attorney finished argument, the court pronounced a sentence of twenty-five years in prison with ten of those years suspended.  The following exchange between appellant and the court then ensued:

> [APPELLANT]:  Your Honor, I don't -- did I hear the Court give him a net sentence of 15 years?
>
> THE COURT:  I suspended ten of the 25-year sentence.
>
> [APPELLANT]:  That's outrageous, that is absolutely outrageous.
>
> THE COURT:  Mr. Morrissey, the Court cites you for contempt and sentences you to ten days in jail.  Mr. Sheriff?
>
> [APPELLANT]:  I have never seen a more jaded, more bitter, more angry jurist in my life.  He has never been sentenced before.
>
> THE COURT:  Let him talk, let him talk.
>
> [APPELLANT]:  He's never come into this courtroom before.  He's got a family.  He's got a child.  He's got a three-year-old.
>
> THE SHERIFF:  Step over to the lockup.

THE COURT:  Go ahead, Mr. Morrissey.

[APPELLANT]:  He's got a three-year-old child.  He's never done anything before.  He comes into Court, he's -- he had never been involved in any criminal activity.  The Commonwealth Attorney said at worst he should be sentenced like the codefendant and you gave him five additional years more than the codefendant gave.  It is apparent to me that when my clients come into court because of whatever bitterness or anger this Court has towards me that it's directing that sentence towards my client.

THE COURT:  I don't have any bitterness toward you, Mr. Morrissey.  You didn't try this case, you came in on the sentencing phase of it and that's why you don't understand it.

[APPELLANT]:  Judge, I'm as familiar with these facts as -- I got in touch -- my office got in touch with three detectives involved in the case.

THE COURT:  You can explain all that to me, but I'll change it from ten to 30 days in jail for the additional comments that you've just made.

[APPELLANT]:  You asked -- Judge, I'm going to appeal it to the Virginia Court of Appeals.

THE COURT:  I hope you will.

On October 24, 1997, the court entered an order finding appellant in contempt.  The court's order cited a violation of Code §§ 18.2-456(3) and (4).

On November 6, 1997, appellant moved the court to set aside its finding of contempt, arguing that it "may only impose a

maximum term of imprisonment of ten days" because his "acts f[e]ll, if at all, within the first class of Section 18.2-456."[1] Appellant also averred that he "did not in any way mean for his comments to be construed as contumacious to" the circuit court.

We find that appellant failed to properly preserve the arguments he raises on appeal. After the court found appellant in contempt and imposed punishment summarily, appellant was permitted to continue addressing the court. During the colloquy that followed, appellant raised none of the arguments asserted on appeal. Further, appellant failed to raise his arguments when he subsequently moved the court to set aside its finding of contempt. In that motion, appellant's sole argument was that his "acts f[e]ll . . . within the first class" of Code § 18.2-456 and, on that ground, the court erred in sentencing him to more than ten days in jail. Although appellant also challenges the length of his sentence on appeal, appellant bases these claims on alternative grounds not raised before the trial court.[2] Thus, appellant's claims, raised for the first time on

---

[1] A court may not summarily sentence someone to more than ten days in jail for conduct proscribed by Code § 18.2-456(1). See Code §§ 18.2-456(1), 18.2-457.

[2] On appeal, appellant argues the trial court erred in sentencing him to more than ten days based on: 1) the court's failure to contemporaneously cite the precise subsection of Code § 18.2-456 upon which he was summarily convicted of contempt; and 2) an alleged ambiguity in the court's order, which should be resolved in his favor and prevent the court from entering a

appeal, are barred.  See Rule 5A:18; see also Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994) ("[The defendant's] failure to raise [his] arguments before the trial court precludes him from raising them for the first time on appeal.").

At oral argument, appellant's counsel urged this Court to invoke the "ends of justice" exception to Rule 5A:18, which would permit consideration of the issues raised on appeal in order to attain the ends of justice.  Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998).  "'The ends of justice exception is narrow and is to be used sparingly'" when an error at trial is "'clear, substantial and material.'" Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989)).  "To invoke the ends of justice exception to Rule 5A:18, the record must 'affirmatively show[] that a miscarriage of justice has occurred, not . . . merely . . . that a miscarriage might have occurred.'"  Id. (quoting Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).

---

sentence of more than ten days.  Appellant's claim below was limited to his contention that the evidence only supported a conviction of contempt under Code § 18.2-456(1).

Finding no justification to invoke the ends of justice exception in this case, we decline to waive the general bar of Rule 5A:18 and address appellant's arguments for the first time on appeal.  Accordingly, we affirm appellant's conviction.

<u>Affirmed.</u>