COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bray and Annunziata
Argued at Alexandria, Virginia


DUANE SCOTT BOYCE
                                   MEMORANDUM OPINION[*] BY
v.    Record No. 1463-99-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        JUNE 27, 2000
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                       James W. Haley, Jr., Judge

            Elwood Earl Sanders, Jr., Appellate Defender
            (Public Defender Commission, on brief), for
            appellant.

            Richard B. Smith, Senior Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Duane Scott Boyce (appellant) was convicted in a jury trial

of six felonies, including attempted capital murder, breaking and

entering with the intent to commit murder, use of a firearm in

the commission of attempted murder, attempted robbery, possession

of a firearm by a convicted felon, and breaking and entering.  On

appeal, he argues that he was denied his constitutional right to

confront the witnesses against him when the trial court denied

his request to impeach a Commonwealth witness with evidence of

the witness' prior juvenile felonies.  Because we conclude that

appellant did not properly preserve his constitutional challenge

under Rule 5A:18, appellant's convictions are affirmed.

_____

        [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Prior to trial, the Commonwealth filed a motion in limine to preclude defense counsel from cross-examining Douglas Shields, one of the co-defendants and a witness for the Commonwealth, about his juvenile adjudications, in an attempt to impeach his general credibility. Shields was nineteen at the time of appellant's trial. Following argument, the trial court concluded that defense counsel could not question Shields about his juvenile adjudications. However, the trial court allowed defense counsel to introduce evidence that Shields had pled guilty to four felonies involved in this case.

On appeal, appellant contends that he was denied his constitutional right to confront the witnesses against him. He conceded in his petition for appeal that he did not raise the Confrontation Clause argument in the trial court. However, he argues that the issue was properly preserved because the Commonwealth's motion was based upon a Confrontation Clause case and defense counsel relied upon another circuit court case that mentioned the Confrontation Clause. We disagree.

Rule 5A:18 provides, in pertinent part:

> No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.

"The primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid

2

unnecessary appeals, reversals and mistrials."  Martin v.
Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992).

In the present case, defense counsel did not raise the
Confrontation Clause challenge in any of the proceedings below
and, thus, he is barred from raising it for the first time on
appeal.  See Rule 5A:18.  Contrary to appellant's argument, the
mere reference to a case decision is insufficient to properly
preserve the issue.  "A case can often be cited for numerous
propositions, and the trial court is not required to determine
sua sponte what argument a party may be entitled to make under a
given case."  Morgen Indus., Inc. v. Vaughan, 252 Va. 60, 67, 471
S.E.2d 489, 494 (1996) (applying Rule 5:25).

Additionally, we find no reasons to invoke the "ends of
justice" exception to Rule 5A:18.  "[T]he ends of justice
exception is narrow and is to be used sparingly . . . ."  Brown
v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989).
"In order to avail oneself of the exception, a defendant must
affirmatively show that a miscarriage of justice has occurred,
not that a miscarriage might have occurred."  Redman v.
Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997).
Here, appellant concedes that his trial counsel did not raise the
Confrontation Clause argument in the trial court.  Our review of
the record does not show affirmatively that a miscarriage of
justice occurred and, therefore, provides insufficient grounds
for invocation of the ends of justice exception.  Accordingly,
appellant's convictions are affirmed.

Affirmed.