COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Bumgardner and Frank
Argued at Chesapeake, Virginia


ROBERT JASPER YOUNG

MEMORANDUM OPINION* BY
v.        Record No. 0363-03-1                    JUDGE ROBERT P. FRANK
                                                  NOVEMBER 12, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

Charles E. Haden for appellant.

Kathleen B. Martin, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Robert Jasper Young (appellant), was convicted in a jury trial of robbery, in violation of

Code § 18.2-58, use of a firearm in the commission of robbery, in violation of Code § 18.2-53.1,

and wearing a mask in public, in violation of Code § 18.2-422.  On appeal, he contends the evidence

was not sufficient to convict him of these offenses.  Specifically, he challenges the victim's

identification of him as the robber.  For the reasons stated, we affirm the convictions.

Appellant concedes trial counsel did not preserve the issue of sufficiency at trial, but asks

that we invoke the "ends of justice" exception to Rule 5A:18 and consider the issue.[1]  We find this

exception does not apply here.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] While appellant moved to strike the evidence at the conclusion of the Commonwealth's case, he did not renew the motion after presenting his case.  When a defendant elects to present evidence on his behalf, he waives the right to stand on his motion to strike the evidence made at the conclusion of the Commonwealth's case.  Spangler v. Commonwealth, 188 Va. 436, 50 S.E.2d 265 (1948).  Appellant also failed to preserve the sufficiency issue in a motion to set aside the verdict.  See McGee v. Commonwealth, 4 Va. App. 317, 357 S.E.2d 738 (1987).

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (citing Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631, (1991)); see also Rule 5A:18.

However, Rule 5A:18 provides for consideration of a ruling by the trial court that was not objected to at trial "to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "'The ends of justice exception is narrow and is to be used sparingly'" when an error at trial is "'clear, substantial and material.'" Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10-11 (1989)). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Id. at 221, 487 S.E.2d at 272 (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).

["]In order to show that a miscarriage of justice has occurred, an appellant must demonstrate more than that the Commonwealth *failed* to prove an element of the offense. . . . The appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.["] Id. at 221-22, 487 S.E.2d at 272-73 (emphasis in original).

Michaels v. Commonwealth, 32 Va. App. 601, 607-08, 529 S.E.2d 822, 825-26 (2000).

Appellant contends the evidence was not sufficient to prove he committed the crimes because the victim testified she could not "be one hundred percent sure" that appellant was the masked robber. He does not maintain, nor do we find, any element of the offenses was disproved by the evidence nor that the conduct of the perpetrator did not constitute a crime. He argues, simply, the identification was not strong enough to prove that he was the perpetrator.

The Commonwealth's evidence does not fail to identify appellant as the perpetrator. In fact, the victim at one point testified she was "positive" appellant was the robber. Therefore, the record includes evidence linking appellant to these crimes. The record does not "affirmatively prove" appellant did not commit the offenses. Thus, we conclude no manifest injustice occurred.

- 2 -

Appellant did not preserve the issue of sufficiency for appeal.  As no exception allows our review of this issue, we affirm the judgment of the trial court.

<u>Affirmed.</u>