COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, McClanahan and Senior Judge Coleman
Argued by teleconference


CURTIS WAYNE KING

                                                        MEMORANDUM OPINION* BY
v.        Record No. 2788-04-3                          JUDGE LARRY G. ELDER
                                                             APRIL 25, 2006
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                              Joseph W. Milam, Jr., Judge

        Jon I. Davey (The Law Office of Jon I. Davey, on brief), for
        appellant.

        Leah A. Darron, Assistant Attorney General (Judith Williams
        Jagdmann, Attorney General, on brief), for appellee.


        Curtis Wayne King (appellant) appeals from his bench trial convictions for aggravated

malicious wounding, use of a firearm in the commission of that offense, and possession of a

firearm by a convicted felon.  On appeal, he contends the trial court abused its discretion by

allowing a detective to testify about the victim's response when showed a photo array that

included appellant's photo.  He argues the testimony was improperly admitted under both state

hearsay rules and the Confrontation Clause of the United States Constitution.  He admits he

objected at trial only on state hearsay grounds but argues the ends of justice exception to Rule

5A:18 requires us to consider the Confrontation Clause issue on appeal, as well.  We hold the

trial court did not err in admitting the challenged testimony over appellant's state hearsay

objection.  We hold further that the ends of justice exception does not apply to appellant's

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Confrontation Clause claim, and thus, we do not consider that issue on the merits. Accordingly, we affirm appellant's convictions.

I.

A. STATE HEARSAY RULES

Under settled principles, Virginia law permits the admission of evidence of an extra-judicial identification that is relevant to the issue of the credibility of a witness' in-court identification. Martin v. Commonwealth, 210 Va. 686, 692, 173 S.E.2d 794, 799 (1970) ("The applicable rule, which the defendant recognizes, is that evidence of a pre-trial identification is admissible and may be sufficient to overcome deficiencies existing in an in-court identification."); Johnson v. Commonwealth, 2 Va. App. 447, 449-50, 345 S.E.2d 303, 304-05 (1986) (approving admission of evidence of witness' pretrial identification "to enhance [that same witness' in-court] identification"); see Niblett v. Commonwealth, 217 Va. 76, 82-83, 225 S.E.2d 391, 395 (1976) (admitting evidence of one witness' pretrial i.d. of defendant, even though that witness was unable to make "even a weak in-court [i.d.]," "for the purpose of overcoming . . . deficiencies" in second witness' in-court i.d., which had been challenged on cross-examination); see also id. at 81-82, 225 S.E.2d at 394 (noting (a) trend in other states to admit extra-judicial identifications made by witnesses available for cross-examination at trial as independent evidence of identity and (b) "agree[ment] with the reasoning of those courts").

Such an identification is hearsay, whether made by verbal or nonverbal conduct, if offered to prove the truth of the matter asserted.[1] See, e.g., Stevenson v. Commonwealth, 218 Va. 462, 465, 237 S.E.2d 779, 781 (1977). The Supreme Court has recognized, however, that

---

[1] Nonverbal conduct is hearsay if it is *assertive* conduct--conduct, such as nodding one's head, intended by the actor as an assertion. See Manetta v. Commonwealth, 231 Va. 123, 126-27, 340 S.E.2d 828, 829-30 (1986); see also Charles E. Friend, The Law of Evidence in Virginia § 18-8 (6th ed. 2003). *Non*assertive conduct, by contrast, is not hearsay. Thus, the

> Where the witness who identified the accused out-of-court is available as a witness, so as to afford the accused the rights of confrontation and cross-examination, the dangers sought to be avoided by the hearsay rule are absent and the testimony of a third person as to the extrajudicial identification has been held to be admissible.

Niblett, 217 Va. at 81, 225 S.E.2d at 394; see also Charles E. Friend, The Law of Evidence in Virginia § 18-33[b] (6th ed. 2003) (interpreting Niblett as "approv[ing] the rule of broad admissibility of hearsay evidence of pre-trial identifications as *independent substantive evidence of identity* . . . regardless of any intervening attempt, or lack of attempt, at impeachment" as long as the witness is "*present in court and available for cross-examination*").

Here, the victim, Dana Gardner, took the stand and testified without objection that he identified his shooter when shown a photo array while in the hospital. Gardner was available for cross-examination on that subject, although appellant's counsel chose to limit his cross-examination to Gardner's in-court identification of appellant as the shooter and Gardner's ability to distinguish appellant from his cousin and others. Thus, the testimony of Detective Michael Wallace regarding Gardner's pretrial identification of appellant as the person who shot him was admissible in response to appellant's attack on the reliability of Gardner's in-court identification of appellant as the shooter. See Niblett, 217 Va. at 82-83, 225 S.E.2d at 395; Johnson, 2 Va. App. at 449-50, 345 S.E.2d at 304-05.

B. CONFRONTATION CLAUSE AND PRESERVATION OF ISSUE FOR APPEAL

Appellant also contends that the trial court's admission of Detective Wallace's testimony about Gardner's pretrial identification violated the United States Constitution's Confrontation Clause. He concedes he failed to make this objection at trial but contends we should nevertheless consider this issue on appeal.

---

victim's demeanor during his encounter with Detective Wallace, including the fact that he cried when shown the photo array containing appellant's picture, was not hearsay.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "Rule 5A:18 applies to bar even constitutional claims." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). The "'good cause' [exception] relates to the reason why an objection was not stated at the time of the ruling," Campbell v. Commonwealth, 14 Va. App. 988, 996, 421 S.E.2d 652, 656 (1992) (en banc) (Barrow, J., concurring), and, thus, it is not applicable under the facts of this case. The ends of justice exception, which "addresses the effect of the error," id. at 996, 421 S.E.2d at 657 (Barrow, J., concurring), requires proof of an error that was "clear, substantial and material." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989).

Under settled principles, "'the Confrontation Clause is . . . satisfied when the hearsay declarant testifies at trial and is available for cross-examination.'" United States v. Wipf, 397 F.3d 677, 682 (8th Cir. 2005) (quoting Bear Stops v. United States, 339 F.3d 777, 781 (8th Cir. 2003)) (noting that decision in Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), does not support a different result). Here, Gardner testified at trial and was available for cross-examination, although appellant's counsel chose not to question him about his pretrial identification of appellant. Because the record fails to establish an error that was "clear, substantial and material," Brown, 8 Va. App. at 132, 380 S.E.2d at 11, we may not consider the merits of appellant's Confrontation Clause claim, which he failed to raise at trial, under the ends of justice exception.

## II.

For these reasons, we hold the trial court did not err in admitting the challenged testimony over appellant's state hearsay objection. We hold further that the ends of justice

exception does not apply to appellant's Confrontation Clause claim, and thus, we do not consider that issue on the merits.  Accordingly, we affirm appellant's convictions.

Affirmed.