COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Senior Judge Willis


PATRICIA A. CHERIN
                                                  MEMORANDUM OPINION[*]
v.      Record No. 0292-06-4                         PER CURIAM
                                                   OCTOBER 17, 2006
JOHN CHERIN


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              David T. Stitt, Judge

            (John E. Byrnes; Jodi B. Simopoulos; Condo Roop Kelly & Byrnes,
            P.C., on briefs), for appellant.

            (David L. Duff; The Duff Law Firm, on brief), for appellee.


        Patricia A. Cherin (wife) appeals from the trial court's January 20, 2006 order.  The trial

court denied wife's motion to enjoin John Cherin (husband) from proceeding with his Virginia

divorce action, and granted husband's motion to enjoin wife from proceeding with her

Massachusetts divorce action.  On appeal, wife contends (1) the trial court erred by enjoining wife

from proceeding with her Massachusetts divorce action "when husband had not presented any

evidence to demonstrate harm in the absence of injunctive relief," (2) the trial court erred by

refusing to enjoin husband from proceeding with his Virginia divorce proceeding "after wife

presented evidence to demonstrate that irreparable harm would result in the absence of an

injunction," and (3) "public policy supports a finding that the trial court erred."  Upon reviewing the

record and briefs, we conclude that this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  See Rule 5A:27.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Although wife notes in her brief that her objections preserving the questions she presents on appeal can be found on pages 660, 661, and 663 of the joint appendix, a review of the appendix reveals she did not present these questions to the trial court. Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal. Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (*en banc*). A trial court must be alerted to the precise "issue" to which a party objects. Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992).

At no point did wife make before the trial court the arguments she makes on appeal. Indeed, wife never mentioned that the injunction was entered improperly without a showing of irreparable harm or that the court erred by denying her motion because she did demonstrate she would suffer irreparable harm as a result. Thus, the trial court was never advised of the claims wife now makes on appeal and had no opportunity to consider, address, or resolve those issues.

Rule 5A:18 provides for consideration of a ruling by the trial court that was not objected to at trial "to enable the Court of Appeals to attain the ends of justice." "'The ends of justice exception is narrow and is to be used sparingly'" when an error at trial is "'clear, substantial and material.'" Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10-11 (1989)). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Id. at 221, 487 S.E.2d at 272.

Unlike the injunction in D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 341, 610 S.E.2d 876, 885 (2005), upon which wife relies, the injunction in this case is not "virtually unlimited in

both breadth and duration."  We find no reason to invoke the ends of justice exception under these facts.  Thus, Rule 5A:18 bars our consideration of these questions on appeal.

Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>