COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Haley and Senior Judge Coleman


WARREN RIDLEY, SR.

v.      Record No. 1881-06-1

CHESAPEAKE DEPARTMENT
 OF HUMAN SERVICES

MEMORANDUM OPINION*
PER CURIAM
APRIL 24, 2007


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Randall D. Smith, Judge

(Jeffrey M. Hallock, on brief), for appellant.  Appellant submitting
on brief.

(John E. Oliver; Leslee A. Nicholas, Guardian *ad litem* for the minor
child; City of Chesapeake Attorney's Office; Sadler & Nicholas, on
brief), for appellee.  Appellee and Guardian *ad litem* submitting on
brief.


Warren Ridley, Sr. (father) appeals a decision terminating his residual parental rights to his

minor son.  He contends the trial judge erred in using his substance abuse problem, which he

denotes "an after-discovered condition," as a basis for terminating his parental rights.  He argues the

petition to terminate his parental rights narrowly focused on the circumstances that led to the child's

removal and foster care and, thus, the sole issue to be decided by the trial judge was whether father

"had failed to remedy the conditions that led to foster care."  Father concedes he failed to object at

trial to the issue he now raises on appeal, but he requests that we apply the ends of justice exception

to Rule 5A:18 and address the issue.  We hold that this case does not satisfy the Rule's exception.

When a party fails to object to a ruling at trial, Rule 5A:18 permits this Court in

exceptional circumstances to consider the ruling "as a basis for reversal . . . for good cause

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

shown or . . . to attain the ends of justice." We have held that "'[t]he ends of justice exception is narrow[,] is to be used sparingly,'" and is to be invoked when an error at trial is "'clear, substantial and material.'" Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10-11 (1989)). Before we invoke the ends of justice exception, the appellant must affirmatively show from the record a miscarriage of justice has occurred, and not merely show it might have occurred. Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

The record establishes that the Chesapeake Department of Human Services obtained custody of the child in 2004 through an emergency removal order. After custody of the child was changed from the Department to the child's relatives, the Department again regained custody through an emergency removal order. An order, dated April 8, 2005, approved a foster care plan and noted "that [father and mother] would need to establish . . . their abstinence from drug use." Eight months later, the Department filed a petition and supporting affidavit alleging father's parental rights should be terminated pursuant to Code § 16.1-283. The supporting affidavit alleged:

> [Father], without good cause, has been unwilling or unable within
> a reasonable period of time not to exceed 12 months from the date
> the child was placed in foster care to remedy substantially the
> conditions which led to the child's foster care placement,
> notwithstanding the reasonable and appropriate efforts of social,
> medical, mental health or other rehabilitative agencies to such end.

The affidavit also alleged father had been unable to provide appropriate housing for his son. The affidavit noted that, although father alleged at the September 2005 review hearing that he had an appropriate apartment, father had not provided the Department with information on how he would be able to financially maintain himself and a child in his home. The affidavit also noted father said he was completing substance abuse treatment, but was doing so only because the Department required him to do so. The affidavit indicated, however, that extended family

members reported father had a history of alcohol abuse, that he continued to abuse alcohol, and that he had been seen intoxicated in public. In addition, the affidavit stated the Department's staff had seen father in a public setting "appearing to be under the influence of alcohol."

Father acknowledges that removal of his son from his custody commenced in January 2005 and that by September 2005 the interim court order reflected that father "had not provided the Department with information on how he would be able to financially maintain himself and a child in his home." Father admits he was found to have an odor of alcohol in late 2005 and was known in the community to have a drinking problem. He acknowledges that in late 2005 and early 2006, "it became apparent . . . that [he] struggled with substance abuse." He contends, however, that the Department should not be permitted to rely on the after-discovered issue of his substance abuse to justify termination of his parental rights.

The trial judge considered the evidence, which included the report of the Court Appointed Special Advocate volunteer, the testimony of a child protective services investigator assigned to the case, a foster care social worker assigned to the case, and the testimony of father. The judge found as follows:

> [T]he overall problem that caused the child to be removed from the custody of both parents in late 2004 was no appropriate, adequate, safe, healthy place for the child to reside and no one to take care of him, and a lot of that was with [father] not having an available place.

The trial judge also referred to the September 23, 2005 court order, which prohibited mother and father from consuming any alcohol or taking any illegal drugs. The trial judge drew an inference from the facts that alcohol was then an issue and that "a drinking problem can go hand in hand with not being able to take the initiative or have the ability to be able to have a safe place." The trial judge found that, on an announced inspection, father's living conditions appeared "minimally adequate for a person or people to live in," but whenever an unannounced visit

- 3 -

occurred, "there was either someone who shouldn't be there or alcohol." The trial judge further found, "[t]here were issues of alcohol with [father], and, of course, [the Department's] Exhibit 2 indicates that the prognosis is guarded, that [father] wouldn't be able to abstain from consuming alcohol, and that poses a risk to the child." In view of the evidence and his findings, the trial judge ruled that the Department had established the following by clear and convincing evidence:

> [W]ithout good cause, [father] has been either unwilling or unable, within the reasonable period of time, not to exceed 12 months, which we know has exceeded 12 months from when the child was first placed in foster care, to substantially remedy the conditions which led the child's placement in foster care. The Court finds that notwithstanding what have been reasonable and appropriate efforts by . . . [the Department] and that there is no evidence of . . . family members that would be able to assume custody and; therefore, reasonable efforts have been made to return the child, that the return would be contrary to the child's best interest and welfare, and there is no least drastic alternative short of placing it with the department for purposes of adoption, and so the Court will order that the residual parental rights of [father] to the child . . . are hereby terminated . . . [with legal custody awarded to CDHS, with the authority to place W.R. for adoption].

Based on our review of the record, we conclude that the trial judge appropriately relied, in part, upon evidence of father's substance abuse as it related to the safety of the residence, which was the original condition alleged by the Department and which led to the child's removal and placement in foster care. We hold, therefore, the father has failed to affirmatively show that a miscarriage of justice occurred. The record contains ample credible evidence to support the trial judge's finding that father's substance abuse rendered the residence unsafe for a small child, thereby preventing father from remedying, within a reasonable period of time not to exceed twelve months, the condition that led to the child's placement in foster care. Accordingly, we hold that the "ends of justice" exception to Rule 5A:18 does not require us to consider appellant's argument on appeal, and, therefore, we affirm the judgment.

<u>Affirmed.</u>

- 4 -