**Norfolk**

MICHAEL ROBERT LAFLEUR

v.

COMMONWEALTH OF VIRGINIA

No. 0249-87

Decided April 5, 1988

COUNSEL

Morris H. Fine (Fine, Fine, Legum & Fine, on brief), for appellant.

Linwood T. Wells, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.** — In this criminal appeal we conclude that the mandatory sentence required upon a conviction for the use of a firearm during the commission of a felony prevents a trial court from sentencing a person to an indeterminate commitment to the Department of Corrections.

The accused, a nineteen year old with no prior criminal record, was convicted on a guilty plea of four counts of robbery and four counts of use of a firearm in the commission of a felony. At sentencing the trial court ruled that the mandatory provisions of Code § 18.2-53.1 prevented sentencing the accused to an indeterminate commitment to the Department of Corrections under Code § 19.2-311.

The sentencing alternatives under Code § 19.2-311 differ from those required by Code § 18.2-53.1. Under Code § 19.2-311, a trial court may commit certain youthful offenders to the Department of Corrections for a period of four years which shall be an indeterminate commitment except that it shall not exceed four years. On the other hand, Code § 18.2-53.1 requires the trial court to sentence a person convicted of the offense of use of a firearm in the commission of a felony to prison for two years for a

first conviction and to four years for each following conviction. Thus, a commitment under Code § 19.2-311 is contrary to the mandatory provision of Code § 18.2-53.1.

■■■ The mandatory sentence in Code § 18.2-53.1 aims to deter violent criminal conduct by imposing a mandatory penalty. "The purpose of [this statute], keyed to serious crimes and prescribing inflexible penalties, is to deter violent criminal conduct." *Holloman v. Commonwealth*, 221 Va. 196, 198, 269 S.E.2d 356, 358 (1980). By replacing a "wide range of discretionary penalties" with "inflexible penalties," the General Assembly intended "to deter violent criminal conduct *rather than to reform* the most dangerous class of criminals." *Ansell v. Commonwealth*, 219 Va. 759, 763, 250 S.E.2d 760, 763 (1979) (emphasis added).

This purpose would be eroded by committing an offender under Code § 19.2-311 in lieu of sentencing him under Code § 18.2-53.1. This would substitute a discretionary penalty for an inflexible one. The General Assembly has directed a contrary policy which courts must follow.

For these reasons, we conclude that the trial court did not err, and we affirm the judgments of convictions.

*Affirmed.*

Baker, J., and Hodges, J., concurred.