COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Overton and Senior Judge Baker
Argued at Norfolk, Virginia


WILLIE J. GREEN
                                          OPINION BY
v.       Record No. 2526-97-1        JUDGE NELSON T. OVERTON
                                         DECEMBER 8, 1998
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                 Christopher W. Hutton, Judge

         Charles E. Haden for appellant.

         Leah A. Darron, Assistant Attorney General
         (Mark L. Earley, Attorney General, on brief),
         for appellee.



     Willie J. Green (defendant) appeals his convictions of

carjacking, in violation of Code § 18.2-581, and the use of a

firearm in the commission of a carjacking, in violation of Code

§ 18.2-53.1. He contends the trial court erroneously ruled that,

upon conviction, Code § 18.2-53.1 required imposition of a

mandatory three-year sentence. Because we find no error in the

trial court's ruling, we affirm.

     The evidence adduced at trial proved that defendant and an

accomplice stopped Josie Majette in the parking lot of the

Sentara Hampton General Hospital on February 22, 1997. Defendant

threatened to use a gun if Ms. Majette did not relinquish her car

keys. When Ms. Majette did so, defendant and his accomplice fled

in her vehicle. They were later stopped for a different offense

and arrested. Defendant was fifteen years old at the time of the

offense.

Defendant was transferred to the circuit court pursuant to Code § 16.1-269.1 and tried as an adult for carjacking and use of a firearm in the commission of a carjacking. Defendant was found guilty of both offenses. At defendant's sentencing hearing, the Commonwealth asserted Code § 18.2-53.1 required the trial court to impose a three-year, unsuspended sentence for the firearm offense. Defendant's counsel requested that defendant be given a suspended sentence pursuant to Code § 16.1-272(A)(1).

The trial court ruled that "the firearm section [Code § 18.2-53.1] and its mandatory sentence, did take precedence" over the juvenile code sentencing provisions. The trial court, therefore, imposed a three-year sentence for that offense.

Code § 18.2-53.1 contains an extremely restrictive sentencing provision whereby:

> Violation of this section shall constitute a separate and distinct felony and any person found guilty thereof shall be sentenced to a term of imprisonment of three years for a first conviction, and for a term of five years for a second or subsequent conviction under the provisions of this section. Notwithstanding any other provision of law, the sentence prescribed for a violation of the provisions of this section shall not be suspended in whole or in part, nor shall anyone convicted hereunder be placed on probation.

(Emphasis added). However, Code § 16.1-272(A)(1) provides that a juvenile convicted of a violent felony will be sentenced as an adult "but the sentence may be suspended conditioned upon successful completion of such terms and conditions as may be

- 2 -

imposed in a juvenile court upon disposition of a delinquency
case."  At first blush, these code sections appear to conflict
because one allows what the other specifically prohibits.

Appellate courts called upon to interpret statutes have
relied upon the following principles:

> While in the construction of statutes
> the constant endeavor of the courts is to
> ascertain and give effect to the intention of
> the legislature, that intention must be
> gathered from the words used, unless a
> literal construction would involve a manifest
> absurdity.  Where the legislature has used
> words of a plain and definite import the
> courts cannot put upon them a construction
> which amounts to holding the legislature did
> not mean what it has actually expressed.

Caprio v. Commonwealth, 254 Va. 507, 512, 493 S.E.2d 371, 374
(1997) (citing Barr v. Town & Country Properties, 240 Va. 292,
295, 396 S.E.2d 672, 674 (1990)).  When a statute is clear and
unambiguous, "a court may look only to the words of the statute
to determine its meaning."  Hubbard v. Henrico Ltd. Partnership,
255 Va. 335, 339, 497 S.E.2d 335, 337 (1998).

The statutes in question use easily understood terms to
impart an equally clear meaning.  Code § 18.2-53.1 states that
courts "shall" sentence one convicted of the use of a firearm in
the commission of a felony to a mandatory sentence
"[n]otwithstanding any other provision of law."  The word
"notwithstanding" is defined as "without prevention or
obstruction from or by."  Webster's Third New International
Dictionary 1545 (1993).  Given that understanding of the word, we

conclude that the terms of Code § 18.2-53.1 are not limited by other incongruous laws because the General Assembly intended Code § 18.2-53.1 to function "without obstruction" from them. Nothing in Code § 16.1-272 contradicts this interpretation. Further, Code § 16.1-272 does not contain mandatory language as does Code § 18.2-53.1.

Our interpretation of the statutes is also in concert with our opinion in Lafleur v. Commonwealth, 6 Va. App. 190, 366 S.E.2d 712 (1988). In Lafleur, we interpreted Code § 18.2-53.1 in light of Code § 19.2-311, which allowed alternate sentencing for certain youthful offenders. We found that the purpose of Code § 18.2-53.1 was to "'to deter violent criminal conduct rather than to reform the most dangerous class of criminals.'" Id. at 192, 366 S.E.2d at 713 (quoting Ansell v. Commonwealth, 219 Va. 759, 763, 250 S.E.2d 760, 763 (1979)). To apply the juvenile sentencing provisions in place of the mandatory sentence in Code § 18.2-53.1 "would substitute a discretionary penalty for an inflexible one." Id. Because "[t]he General Assembly has directed a contrary policy which courts must follow," we held a mandatory sentence was rightfully imposed. Id. We are under no less a burden to follow the General Assembly's clear mandate in this case.

We hold that Code § 18.2-53.1 required the trial court to impose a three-year, unsuspended sentence despite the provisions of Code § 16.1-272. Because the trial court did not err by

imposing the sentence, we affirm defendant's convictions.

                                                        <u>Affirmed.</u>