COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Senior Judge Annunziata
Argued by teleconference


COMMONWEALTH OF VIRGINIA

v.      Record No. 0919-08-3

DWAYNE JAMAR BROWN                          MEMORANDUM OPINION[*] BY
                                            JUDGE LARRY G. ELDER
COMMONWEALTH OF VIRGINIA                        NOVEMBER 25, 2008

v.      Record No. 0920-08-3

DEMETRIOUS OMAR BROWN


FROM THE CIRCUIT COURT OF BEDFORD COUNTY
James W. Updike, Jr., Judge

Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on briefs), for appellant.

William P. Walker for appellee Dwayne Jamar Brown.

Rena G. Berry for appellee Demetrious Omar Brown.


Dwayne Jamar Brown and Demetrious Omar Brown (defendants) stand convicted for

numerous offenses, including five counts each of using a firearm in the commission of robbery in

violation of Code § 18.2-53.1.[1]  Pursuant to Code § 19.2-398(C), the Commonwealth appeals the

sentences imposed upon each defendant for these offenses, contending they are contrary to

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Each defendant was also convicted for burglary with intent to commit larceny,
discharging a firearm into an occupied dwelling, and eleven counts of robbery.

mandatory minimum sentencing terms required by Code § 18.2-53.1.[2]  We hold the trial court erred in concluding it was not required to apply the mandatory sentence provisions of Code § 18.2-53.1.  Thus, we vacate the sentences imposed for each defendant's convictions pursuant to that statute and remand for further proceedings consistent with this opinion.

I.

BACKGROUND

While Demetrious Brown was sixteen and his cousin Dwayne Brown was fifteen, they participated in the armed robbery of a group of people who had gathered to play cards.  In exchange for the dismissal of some of the charges brought against them, the defendants waived transfer of the charges to circuit court and pleaded guilty to numerous charges, including eleven counts each of robbery and five counts each of using a firearm in the commission of robbery.

Subsequently, in the course of the sentencing proceeding for Demetrious Brown, the Commonwealth argued that the court lacked the discretion to impose juvenile dispositions for the defendant's five convictions for use of a firearm in the commission of a felony and was, instead, required to impose mandatory minimum sentences totaling 23 years for those offenses.  The Commonwealth cited Bullock v. Commonwealth, 48 Va. App. 359, 631 S.E.2d 334 (2006), in support of its position, arguing that, in Bullock,

> the Court did deal with the situation where there was a request for a juvenile disposition . . . and there was a conflict in the statutes as to whether [or] not the broad discretion in the juvenile sentencing statute could override the mandatory provisions of the Use of a Firearm statute.  The Court of Appeals [held] that it could not, in fact, override that.

---

[2] On motion of the Commonwealth, these appeals have been consolidated for purposes of argument and decision.

Demetrious Brown's attorney took the position that <u>Bullock</u> still permitted the trial court to treat his client as a juvenile as to those offenses. After taking a recess to review <u>Bullock</u>, the trial judge heard additional arguments from both parties, during which the Commonwealth reiterated:

> I would just be relying on <u>Bullock</u>. I think the facts are pretty similar here. It was two Robbery charges in that case that were certified for trial as an adult, which is what happened in this case. Two Robberies and two firearm charges. And . . . some of the same issues were raised in that case. I would just rely on that case.

In a lengthy ruling spanning six pages in the transcript, the trial judge held <u>Bullock</u> applied to prevent him from imposing a juvenile disposition under Code § 16.1-272(A)(1), but he concluded he retained the authority to impose a juvenile disposition pursuant to subsection (A)(2) because the firearms offenses were "not statutorily defined as violent juvenile felonies" for which disposition under subsection (A)(1) would have been required. The judge ordered Demetrious Brown committed to the Department of Juvenile Justice until his twentieth birthday, which the judge observed was two years in addition to the one year he had already served. The judge imposed the time for the remaining offenses as adult time, with all sentences to run concurrently, for a total of 25 years, and suspended that time.

The following week, the same assistant Commonwealth's attorney appeared before the same judge for the sentencing of Dwayne Brown. Dwayne Brown was represented by different counsel than had represented Demetrious Brown. In argument during that proceeding, the Commonwealth did not mention <u>Bullock</u> and stated, "Obviously the Court has discretion to treat [Dwayne Brown] as a juvenile." Counsel and the trial judge referred to the fact that the judge had made a juvenile disposition in Demetrious Brown's case the previous week and discussed whether Dwayne Brown should also be treated as a juvenile considering the differences in the defendants' prior records and their respective roles in the particular offenses at issue. The prosecutor argued:

> I really see nothing further to be gained [for Dwayne Brown] by treating him as a juvenile in this case. Obviously the Court has discretion to treat him as a juvenile, treat him as an adult or to come up with a split disposition in this case, sentence him to a juvenile facility until he's eighteen and then transfer him to an adult facility. . . . I would recommend to the Court on the Breaking and Entering charge, 10 years with 8 years suspended as an adult. Shooting in the Dwelling, 10 years with 8 years suspended. On the Use of Firearm charges, 3 years on the first charge and 5 years on each of the other four charges, and on the Robberies I would ask imposition of sentence be suspended for life on each of those. Recommending a total active sentence of 27 years . . . .

The prosecutor did not mention Bullock and referenced the trial judge's "discretion to treat [Dwayne Brown] as a juvenile," but the prosecutor also did not suggest any suspension of time as to the use of a firearm charges.

The trial judge found that Dwayne Brown deserved greater punishment than Demetrious Brown but that Dwayne, like Demetrious, could be given "a juvenile disposition in accordance with § 16.1-272([A])(2)" because the firearms offenses were "non-violent juvenile felonies as defined by § 16.1-228." The portion of Dwayne Brown's sentencing order dealing with the firearms convictions contained language identical to that used in Demetrious Brown's sentencing order, referencing what the court perceived to be its authority to impose a juvenile disposition under Code § 16.1-272(A)(2), except that Demetrious Brown was committed to the Department of Juvenile Justice until his twentieth birthday whereas Dwayne Brown was committed to the Department of Juvenile Justice only until his eighteenth birthday. As to the remaining convictions, the judge gave Dwayne Brown "a sentence of 25 years in the penitentiary, suspended after the service of 24 months in jail," commencing on his eighteenth birthday.

The Commonwealth filed petitions for appeal in both cases pursuant to Code § 19.2-398(C), contending the sentences imposed on the two defendants are contrary to

mandatory minimum sentencing terms required by Code § 18.2-53.1, and those petitions were granted.

II.

ANALYSIS

Each defendant contends the Commonwealth failed to preserve for appeal its claim that the trial court lacked discretion to sentence him as a juvenile pursuant to Code § 16.1-272 rather than in accordance with the mandatory minimum sentencing provisions of Code § 18.2-53.1, under which his convictions for use of a firearm in the commission of a felony were rendered. We disagree and hold that the Commonwealth sufficiently preserved this issue for appeal as to both defendants.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "The primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (en banc) (citing Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc)). A party "may meet the mandates of Rule 5A:18 in many ways." Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (en banc). Formal exceptions to rulings are not necessary as long as the party "makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor." Code § 8.01-384(A).

Here, at Demetrious Brown's sentencing hearing, the Commonwealth's attorney specifically stated the Commonwealth's position that the trial court was required to sentence

- 5 -

Demetrious in accordance with the mandatory sentencing provisions of Code § 18.2-53.1 and that the court lacked authority to treat Demetrious as a juvenile with regard to his convictions for using a firearm in the commission of robbery. The Commonwealth also specifically stated it relied on the reasoning in Bullock. The trial judge, clearly aware of the Commonwealth's position, took a recess to review Bullock and, upon reconvening, ruled Bullock prevented him from sentencing Demetrious as a serious juvenile offender under Code § 16.1-272(A)(1) but that it did not prevent him from sentencing Demetrious as a juvenile under Code § 16.1-272(A)(2).

> Requiring [the Commonwealth] to "except" to the court's denial of [its request to impose the mandatory minimum sentences based on Bullock] "would, in effect, recreate the requirement of noting an exception to a final adverse ruling of the trial judge." Martin[,] 13 Va. App. [at] 530, 414 S.E.2d [at] 404 . . . . "As we stated in Martinez v. Commonwealth, 10 Va. App. 664, 668, 395 S.E.2d 467, 470 (1990), aff'd as modified, 241 Va. 557, 403 S.E.2d 358 (1991), 'the requirement for an exception [has been] eliminated.'" Id.

Belmer v. Commonwealth, 36 Va. App. 448, 453-54, 553 S.E.2d 123, 125 (2001). We conclude, therefore, that the Commonwealth properly preserved for appeal its claim that the trial court lacked authority to sentence Demetrious Brown as a juvenile for the firearms offenses at issue.

We hold these same principles support the conclusion that the purpose of Rule 5A:18 was met with regard to defendant Dwayne Brown, as well. Dwayne Brown and Demetrious Brown were co-defendants convicted of the same offenses on the same date arising out of the same criminal transaction. The assistant Commonwealth's attorney who presented the Commonwealth's position on the mandatory sentencing issue in detail at Demetrious's sentencing hearing represented the Commonwealth again at Dwayne's sentencing hearing the following week, just ten days after Demetrious's sentencing. Although the prosecutor did not expressly raise the mandatory sentencing issue again at Dwayne's sentencing hearing and did not reference the decision in Bullock, upon which he had relied previously, he recommended the

suspension of all of the time for the robbery convictions and suspension of most of the sentence he requested for the burglary and discharge of a firearm offenses. As to the convictions for using a firearm in the commission of robbery, in contrast, the prosecutor specifically requested a sentence of three years for the first conviction and five years for each of the additional four convictions, representing the mandatory minimum.

Despite this request, the trial court stated in Dwayne's sentencing order, just as it had in Demetrious's sentencing order, that

> [o]n the convictions for Use of a Firearm in Commission of a Felony and Use of a Firearm in Commission of a Felony, Second or Subsequent Offense, the Court finds these offenses are not statutorily defined by § 16.1-228 as violent juvenile felonies [for which sentencing under § 16.1-272(A)(1) would be required]. The Court imposes a juvenile disposition on these convictions, in accordance with § 16.1-272(A)(2) . . . .

This language mirrored the judge's position at Demetrious's sentencing hearing, rendered in a lengthy ruling from the bench, that the holding in Bullock prevented him from treating Demetrious as a juvenile pursuant to subsection (A)(1) of Code § 16.1-272 but did not prevent him from treating Demetrious as a juvenile under subsection (A)(2). The assistant Commonwealth's attorney's argument asking the court to impose on Dwayne the mandatory minimum sentences for the use of a firearm offenses, coupled with the identical nature of the wording in the sentencing orders, makes clear the trial judge understood that the Commonwealth's objection on this ground was continuing. Cf. George v. Commonwealth, ___ Va. ___, ___, ___ S.E.2d ___, ___ (Oct. 31, 2008) (holding that although the defendant did not specifically argue "there was a *fatal variance* between the indictments and the evidence and jury instructions," "his arguments before the trial court were [nevertheless] sufficient to put that court on notice of his position regarding the inconsistency between the indictments and the jury instruction" (emphasis added)). Further, given that Dwayne was simultaneously being sentenced

for thirteen other offenses for which no mandatory minimum sentence applied,[3] a reasonable interpretation of the record is that the prosecutor's reference to the trial court's discretion to sentence Dwayne as a juvenile referred to those other offenses and did not constitute a concession regarding the use of a firearm offenses.

Thus, we hold the requirements of Rule 5A:18 were satisfied as to both defendants.

B.

APPLICATION OF MANDATORY MINIMUM SENTENCES FOR JUVENILES

The Commonwealth contends that as to the defendants' convictions for using a firearm in the commission of robbery, an offense proscribed by Code § 18.2-53.1, the trial court erred in concluding it had authority to treat the defendants as juveniles pursuant to Code § 16.1-272(A)(2) in lieu of sentencing them to mandatory minimum terms contained in Code § 18.2-53.1. After a careful review of the relevant statutes and case law, we agree.

Code § 18.2-53.1 provides in relevant part as follows:

> It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit . . . robbery . . . . Violation of this section shall constitute a separate and distinct felony and any person found guilty thereof shall be sentenced to a mandatory minimum term of imprisonment of three years for a first conviction, and to a mandatory minimum term of five years for a second or subsequent conviction under the provisions of this section. Such punishment shall be separate and apart from, and shall be made to run consecutively with, any punishment received for the commission of the primary felony.

"'Mandatory minimum'" is statutorily defined to "mean[] . . . that the court shall impose the entire term of confinement, the full amount of the fine and the complete requirement of community service prescribed by law" and that "[t]he court shall not suspend in full or in part any punishment [so] described." Code § 18.2-12.1.

---

[3] See supra note 1.

Code § 16.1-272, which covers the power of a circuit court over a juvenile offender,

provides in relevant part as follows:

> A. In any case in which a juvenile is indicted, the offense for which he is indicted and all ancillary charges shall be tried in the same manner as provided for in the trial of adults, except as otherwise provided with regard to sentencing. Upon a finding of guilty of any charge, the court shall fix the sentence without the intervention of a jury.
>
> 1. If a juvenile is convicted of a *violent juvenile felony*, for that offense and for *all ancillary crimes* the court may order that (i) the juvenile serve a portion of the sentence as a serious juvenile offender under § 16.1-285.1 and the remainder of such sentence in the same manner as provided for adults; (ii) the juvenile serve the entire sentence in the same manner as provided for adults; or (iii) the portion of the sentence to be served in the same manner as provided for adults be suspended conditioned upon successful completion of such terms and conditions as may be imposed in a juvenile court upon disposition of a delinquency case including, but not limited to, commitment under subdivision 14 of § 16.1-278.8 or § 16.1-285.1.
>
> 2. If the juvenile is convicted of *any other felony*, the court may sentence or commit the juvenile offender in accordance with the criminal laws of this Commonwealth or may in its discretion deal with the juvenile in the manner prescribed in this chapter for the hearing and disposition of cases in the juvenile court, including, but not limited to, commitment under § 16.1-285.1 or may in its discretion impose an adult sentence and suspend the sentence conditioned upon successful completion of such terms and conditions as may be imposed in a juvenile court upon disposition of a delinquency case.

(Emphasis added). The code defines "violent juvenile felonies" to include "robbery in violation

of § 18.2-58." Code §§ 16.1-228, 16.1-269.1(C). The code does not define "violent juvenile

felonies" to include the offense of using a firearm in the commission of another offense. Id.

A defendant convicted of a violent juvenile felony *must* be sentenced pursuant to

subsection (A)(1) of Code § 16.1-272. See Jackson v. Commonwealth, 29 Va. App. 418,

421-22, 512 S.E.2d 838, 840 (1999) (decided under earlier but substantially similar version of

code section). Further, subsection (A)(1) requires sentencing pursuant to that subsection not

- 9 -

only for the "violent juvenile felony" but also "for all ancillary crimes." Code § 16.1-228 expressly defines an "[a]ncillary crime" as "any delinquent act committed by a juvenile as a part of the same act or transaction as, or which constitutes a part of a common scheme or plan with, a delinquent act which would be a felony if committed by an adult." Thus, the defendants' convictions for using a firearm in the commission of robbery were clearly "ancillary crimes" for which the trial court was required to sentence them pursuant to subsection (A)(1) rather than subsection (A)(2).

Because the trial court was required to sentence defendants pursuant to subsection (A)(1), our holding in Bullock applies. Bullock, like the defendants' cases, involved the guilty pleas of a juvenile over fourteen on charges that he committed multiple robberies and used a firearm in the commission of those robberies. 48 Va. App. at 363, 631 S.E.2d at 336. On appeal, Bullock recognized our prior holding in Green v. Commonwealth, 28 Va. App. 567, 507 S.E.2d 627 (1998), in which we concluded that the mandatory sentencing provisions of Code § 18.2-53.1 controlled over the juvenile sentencing options contained in Code § 16.1-272(A)(1) that allow suspension of an adult sentence. Bullock, 48 Va. App. at 371-73, 631 S.E.2d at 340-41 (citing Green, 28 Va. App. at 569-70, 507 S.E.2d at 628-29); see also LaFleur v. Commonwealth, 6 Va. App. 190, 192, 366 S.E.2d 712, 713 (1988) (in case involving youthful offender provisions of Code § 19.2-311, holding "[t]he mandatory sentence in Code § 18.2-53.1 aims to deter violent criminal conduct by imposing a mandatory penalty" and that "[t]his purpose would be eroded by committing an offender under Code § 19.2-311 in lieu of sentencing him under Code § 18.2-53.1," improperly "substitut[ing] a discretionary penalty for an inflexible one"). Bullock contended, however, "that Green was superseded by the General Assembly's amendment of Code § 18.2-53.1 in 2004." Bullock, 48 Va. App. at 370, 631 S.E.2d 340. We concluded that Green retained its validity despite the 2004 amendments and noted in part as follows:

> [When the General Assembly made those amendments in 2004,] it did not add any provision to the statute explicitly allowing the courts to apply Code § 16.1-272(A)(1)(iii) or any other statute to suspend part, if not all, of a mandatory minimum sentence imposed under Code § 18.2-53.1. To the contrary, when read in conjunction with Code § 18.2-12.1, Code § 18.2-53.1 still provides that the trial court "shall impose the entire term of confinement" required by the statute for a firearm conviction and that the court "shall not suspend in full or in part any" of that term of confinement. Plainly, the aforementioned purpose ascribed to Code § 18.2-53.1 in Ansell [v. Commonwealth, 219 Va. 759, 250 S.E.2d 760 (1979)], LaFleur, and Green—"to deter violent criminal conduct rather than to reform the most dangerous class of criminals"—remains unchanged, despite the 2004 amendment. To read the amended statute as Bullock urges would undermine that purpose.
>
> We conclude, therefore, that, notwithstanding the 2004 amendment to Code § 18.2-53.1, our decision in Green remains valid and precludes the courts from applying Code § 16.1-272(A)(1)(iii) to suspend any part of a mandatory minimum sentence imposed under Code § 18.2-53.1.

Id. at 374-75, 631 S.E.2d at 342.

Thus, Bullock and Green together hold that, even after the 2004 statutory amendments, the mandatory sentencing provisions of Code § 18.2-53.1 control over the juvenile sentencing options contained in Code § 16.1-272(A)(1) that allow suspension of an adult sentence. Accordingly, we hold in defendants' cases that the trial court erred in treating them as juveniles pursuant to Code § 16.1-272(A)(2) for purposes of sentencing on their convictions for violating Code § 18.2-53.1 and that it was required to impose the mandatory minimum sentences set out in that statute.

III.

For these reasons, we vacate the sentences imposed for each defendant's five convictions for using a firearm in the commission of a felony, and we remand for resentencing for those offenses consistent with this opinion.

Vacated and remanded.

- 11 -

Humphreys, J., concurring, in part, and dissenting, in part.

I concur with the majority's holding and analysis with respect to defendant Demetrious Brown; however, I disagree with its conclusion that the Commonwealth preserved for appeal its assignment of error as to defendant Dwayne Brown. Thus, I respectfully dissent from that portion of the majority opinion because I believe the issue was not preserved.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "'The ends of justice exception is narrow and is to be used sparingly . . . .'" Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989)). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Id. at 221, 487 S.E.2d at 272 (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)). In addition, "[t]he trial error must be 'clear, substantial and material.'" Id. (quoting Brown, 8 Va. App. at 132, 380 S.E.2d at 11).

At Dwayne Brown's sentencing hearing, the Commonwealth asked the trial court to impose a sentence of three years on the first charge of use of a firearm in the commission of a robbery and five years on each subsequent charge. This request reflected the mandatory minimum sentences for those offenses. However, the Commonwealth made no objection whatsoever to the trial court's decision to treat Dwayne Brown as a juvenile and sentence him under Code § 16.1-272(A)(2). Nor did the Commonwealth argue that Bullock v. Commonwealth, 48 Va. App. 359, 631 S.E.2d 334 (2006), Code § 16.1-272, or any other statute required the court to impose the mandatory minimum sentences for the firearm charges, as it had

done in Demetrious Brown's sentencing hearing, just ten days prior. In fact, the Commonwealth actually conceded that the trial court retained discretion to sentence Dwayne Brown as a juvenile under Code § 16.1-272(A)(2): "Obviously, the Court has discretion to treat him [Dwayne Brown] as a juvenile, treat him as an adult, or to come up with a split disposition in the case, sentence him to a juvenile facility until he's eighteen and then transfer him to an adult facility."

Basically, the Commonwealth argues that because the trial court was "cognizant of the sentencing argument made by the prosecutor at the Demetrious Brown proceeding" and because its ruling and reasoning were the same in both cases, the trial court was sufficiently aware of the Commonwealth's objection, so as not to implicate Rule 5A:18. I disagree. I fail to see how the mere request to impose the same sentence requested in another, wholly separate proceeding is sufficient to place the trial court on notice of a specific objection. Nor do I understand the rationale that to do otherwise is an error of law, especially in view of its concession at sentencing that the trial court had the discretion the Commonwealth now contends it lacked. Moreover, the Commonwealth has cited no authority in support of the proposition that it can take such an inconsistent position.

Alternatively, the Commonwealth urges this Court to apply the ends of justice exception to Rule 5A:18 to review Dwayne Brown's sentencing. However, in light of Commonwealth's statement that the trial court "[o]bviously . . . has discretion to treat [Dwayne Brown] as a juvenile," I would conclude that no injustice will result from our refusal to apply this exception. Given the Commonwealth's concession, it seems to me that the trial error was not so "'clear, substantial and material,'" as to implicate the ends of justice exception. Redman, 25 Va. App. at 221, 487 S.E.2d at 272 (quoting Brown, 8 Va. App. at 132, 380 S.E.2d at 11).

- 13 -

For the foregoing reasons, I would hold that the Commonwealth failed to preserve for appeal its claim that the trial court lacked authority to sentence Dwayne Brown as a juvenile for the firearms offenses at issue.