Present:  All the Justices

THE LAMAR COMPANY, LLC

v.    Record No. 131235

CITY OF RICHMOND                              OPINION BY
                                       JUSTICE DONALD W. LEMONS
                                             April 17, 2014
ALAN T. SHAIA, ET AL.

v.    Record No. 131249

CITY OF RICHMOND

            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Melvin R. Hughes, Jr., Judge

     In this appeal, we consider whether the Circuit Court of

the City of Richmond ("circuit court") erred by holding that

Code § 15.2-2307 is "merely enabling" legislation and granting

the demurrer filed by the City of Richmond ("City").

                   I.  Facts and Proceedings Below

     These consolidated appeals arise from the circuit court's

judgment sustaining the City's demurrer and dismissing the

complaints for declaratory judgment filed by Alan T. Shaia and

Wayne T. Shaia (the "Shaias") and The Lamar Company, L.L.C.

("Lamar").  The Shaias are the owners of real property located

at 501 South 14th Street, on Mayo Island in Richmond, Virginia.

Lamar leases the property from the Shaias and maintains a

billboard on the premises which is visible from Interstate 95.

      The City brought an enforcement action against Lamar and

the Shaias seeking removal of the billboard, or in the

alternative, requiring the billboard to be lowered to a conforming height.  Lamar and the Shaias filed separate complaints for declaratory judgment against the City alleging that "the City may not require removal of [the billboard] if the City has been paid taxes for more than 15 years."  In response, the City filed demurrers, pleas in bar, and motions for sanctions against all plaintiffs.  The circuit court conducted hearings on the City's pleadings on December 14, 2012 and April 10, 2013.  Following the hearings, the circuit court held:

> This suit for declaratory relief under the Declaratory Judgment Act, [which] involves plaintiffs' request for a declaration of rights and obligations of the parties under Va. Code § 15.2-2307[,] is premature as the statute is merely enabling law empowering local governments the means to enact ordinances consistent therewith.  Here, plaintiffs' allegations are devoid of any reference that the defendant has enacted any ordinance under the statute, in the absence of which the Complaint is not based on present but speculative facts, not ripe for judicial assessment and otherwise seeks an advisory opinion.

In its final orders, the circuit court sustained the City's demurrers, denied the motions for sanctions, and held that the pleas in bar were rendered moot as a result of its ruling on the demurrers.

Lamar and the Shaias noted their appeals to this Court and we awarded an appeal on their single assignment of error:

2

The Circuit Court erred in sustaining the City's Demurrer by finding that the Vested Rights Statute in VA Code § 15.2-2307 is "merely enabling" legislation and that private property owners in the Commonwealth do not have these statutory vested rights protections unless a local government chooses to adopt an implementing ordinance thereunder. Because of this fundamental misinterpretation of the Statute, the Circuit Court dismissed the Complaint on the Basis that Lamar [and the Shaias] could not allege, as a condition precedent for a vested rights claim, that Richmond City Council had passed an ordinance to implement the 2008 Amendment.

## II. Analysis

### A. Standard of Review

Whether Code § 15.2-2307 is enabling legislation is a question of law which we review de novo. See Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007).

### B. Is Code § 15.2-2307 Merely Enabling Legislation?

When interpreting a statute this Court applies well-established rules of statutory construction. In Laws v. McIlroy, 283 Va. 594, 598, 724 S.E.2d 699, 702 (2012), we stated: "When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." (Internal quotation marks omitted.)

Dillon's Rule provides that "municipal corporations have only those powers that are expressly granted, those necessarily or fairly implied from expressly granted powers, and those that are essential and indispensable." Marble Techs., Inc. v. City of Hampton, 279 Va. 409, 417, 690 S.E.2d 84, 88 (2010)(internal quotation marks omitted). Enabling legislation is the mechanism by which the General Assembly "expressly grants" power to local governments. Therefore, by nature, enabling acts are permissive. See, e.g., Shealor v. City of Lodi, 145 P.2d 574, 575, 577 (Cal. 1944); Huggins v. Wacaster, 266 S.W.2d 58, 60 (Ark. 1954). In contrast, restrictive legislation limits the power of local governments. See Marble Techs., 279 Va. at 418-19, 690 S.E.2d at 88-89. Applying these principles, we must decide whether the General Assembly intended to grant or restrict power when enacting Code § 15.2-2307.

Code § 15.2-2307 provides, in relevant part, that:

> [N]otwithstanding any local ordinance to the contrary, if . . . the owner of the building or structure has paid taxes to the locality for such building or structure for a period in excess of 15 years, a zoning ordinance may provide that the building or structure is nonconforming, but shall not provide that such building or structure is illegal and shall be removed solely due to such nonconformity.

The opening clause, "[n]otwithstanding any local ordinance to the contrary," demonstrates the General Assembly's intent to forbid local governments from declaring an existing building or

4

structure illegal after taxes have been paid for 15 years or more.[*]  Similarly, the General Assembly signaled its intent to limit local authority by including this restrictive language: "a zoning ordinance . . . shall not provide that such building or structure is illegal and shall be removed solely due to such nonconformity."  Id.  Based on the plain language of the statute, we hold that the fourth paragraph of Code § 15.2-2307 cannot be construed as an enabling provision.

### III. Conclusion

The circuit court erred by holding that Code § 15.2-2307 is "merely enabling" legislation.  We will reverse the circuit court's judgment and will remand this case for further proceedings in accordance with this opinion.

Reversed and remanded.

---

[*] "Notwithstanding" is defined as "despite [or] in spite of." Black's Law Dictionary, 1168 (9th ed. 2009).  The Court of Appeals of Virginia, using Webster's Dictionary, defined "notwithstanding" as "without prevention or obstruction from or by."  Green v. Commonwealth, 28 Va. App. 567, 569-70, 507 S.E.2d 627 (1998).

5