COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, O'Brien and Senior Judge Frank
Argued by teleconference

PUBLISHED

CHRIS ANTONIO HOLLOWAY

                                                    OPINION BY
v.        Record No. 1575-19-1          JUDGE MARY GRACE O'BRIEN
                                                    AUGUST 4, 2020
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John R. Doyle, III, Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


In this appeal, Chris Antonio Holloway ("appellant") contends that Code § 19.2-303.01

authorized the trial court to reduce his sentence below the mandatory minimum period of

incarceration provided by Code § 18.2-248(C).  We agree.

BACKGROUND

The facts are undisputed.  On February 6, 2018, appellant pled guilty to possession with

intent to distribute a Schedule I or II controlled substance as a third or subsequent offense, in

violation of Code § 18.2-248.  After a July 13, 2018 hearing, the court sentenced appellant to ten

years in the penitentiary, the mandatory minimum sentence for a conviction under Code

§ 18.2-248(C), with an additional three years of post-release supervision.

On February 19, 2019, pursuant to Code § 19.2-303.01, the Commonwealth moved to

reconsider appellant's sentence based on his "substantial assistance" in an unrelated murder

investigation.  Appellant filed a motion to reconsider on the same grounds, and the matter was set

for a hearing.

The Commonwealth and appellant presented an agreed proffer at the hearing on August 28, 2019. Appellant had been imprisoned with an inmate who was charged with murder. Appellant was prepared to testify that the inmate admitted to the crime and discussed his defense strategy with appellant. According to the Commonwealth, appellant's anticipated testimony corroborated another witness' statements and had an "added indicia of reliability" because appellant was related to a co-defendant in the murder case. On the day of trial, the inmate pled guilty "[b]ased upon the fact" that appellant and other witnesses were "available on the morning of trial" to testify.

The court accepted the agreed proffer and did not "take any exception to the merits of [appellant's] cooperation and whether the cooperation [was] sufficient" under Code § 19.2-303.01. However, the court found that the statute did not "give [it] . . . the authority to go below [the] ten-year mandatory minimum" specified by Code § 18.2-248(C). Accordingly, the court dismissed the motions.

ANALYSIS

Appellant contends the court erred in ruling that Code § 19.2-303.01 did not authorize it to reduce his sentence below the mandatory minimum period of incarceration required by Code § 18.2-248(C). Because the interplay between the sentencing provisions of Code §§ 18.2-248(C) and 19.2-303.01 presents an issue of statutory interpretation, we review the matter *de novo*. Botkin v. Commonwealth, 296 Va. 309, 314 (2018). See also Miller v. Commonwealth, 64 Va. App. 527, 537 (2015) ("[The] *de novo* standard of review applies to determining the proper definition of a particular word in a statute.").

"Consistent with its role in determining sentencing procedures and setting statutory ranges for crimes, Virginia's General Assembly . . . established mandatory minimum sentences for certain crimes." Commonwealth v. Greer, 63 Va. App. 561, 573 (2014). Here, appellant pled guilty to possession with the intent to dispense a Schedule I or II controlled substance as a third or

subsequent offense, pursuant to Code § 18.2-248.  The court sentenced him to ten years of incarceration in accordance with Code § 18.2-248(C), which provides, in relevant part, as follows:

> When a person is convicted of a third or subsequent offense under this subsection . . . he shall be sentenced to imprisonment for life or for a period of not less than 10 years, 10 years of which shall be a mandatory minimum term of imprisonment to be served consecutively with any other sentence.

Despite the fact that in the trial court, the prosecutor originally requested the court to reconsider appellant's sentence and argued in support of reconsideration at the post-trial hearing,[1] the Attorney General now contends that the trial court correctly ruled that it did not have authority to consider a sentence reduction.  Although the Attorney General may take an inconsistent position on appeal, we disagree with the Commonwealth's statutory interpretation, as argued by the Attorney General.  See In re Dept. of Corrections, 222 Va. 454, 465 (1981).  The Commonwealth contends that the plain language of Code § 19.2-303.01 does not authorize a court to reduce a sentence below the mandatory minimum sentence for a conviction under Code § 18.2-248.  It cites to Lilly v. Commonwealth, 50 Va. App. 173, 187 (2007), in which we described mandatory minimum sentences as establishing "a floor below which no judge or jury could go," and opined that "the legislative purpose [of such sentences] was to divest trial judges and juries of 'all discretion' to sentence below the threshold minimum."  Id. (quoting In re Commonwealth of Virginia, 229 Va. 159, 163 (1985)).

However, we find that the rationale expressed in Lilly does not reflect the intent of the General Assembly concerning Code § 18.2-248(C).  In Lilly, we upheld the constitutionality of the mandatory minimum sentence prescribed by Code § 46.2-357(B)(3) as a product of the General

---

[1] The Commonwealth's Attorney also conceded in its brief in opposition that the trial court erred.

- 3 -

Assembly's "power to define criminal punishments without giving the courts any sentencing discretion."[2] Id. at 188 (quoting Chapman v. United States, 500 U.S. 453, 467 (1928)).

Here, although Code § 18.2-248(C) includes a mandatory minimum sentence, it provides certain exceptions, and states that the "minimum term of imprisonment shall not be applicable if the court finds" the following:

a. The person does not have a prior conviction for an offense listed in subsection C of § 17.1-805;

b. The person did not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense or induce another participant in the offense to do so;

c. The offense did not result in death or serious bodily injury to any person;

d. The person was not an organizer, leader, manager, or supervisor of others in the offense, and was not engaged in a continuing criminal enterprise as defined in subsection I; and

e. Not later than the time of the sentencing hearing, the person has truthfully provided to the Commonwealth all information and evidence the person has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the person has no relevant or useful other information to provide or that the Commonwealth already is aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

Unlike Code § 46.2-357, the statute addressed in Lilly, which does not provide any exceptions to the mandatory minimum sentencing terms, subsections (a)-(e) of Code § 18.2-248(C) clearly demonstrate the legislature's intent to give courts limited discretion in determining sentences for charges of possession with intent to distribute.

---

[2] Code § 46.2-357 prohibits the "[o]peration of [a] motor vehicle or self-propelled machinery or equipment by [a] habitual offender."

Appellant contends that Code § 19.2-303.01 permitted the court to reduce his mandatory minimum sentence for a violation of Code § 18.2-248 after imposition if he provided substantial assistance to the Commonwealth.  The statute provides, in relevant part:

> Notwithstanding any other provision of law or rule of court, upon motion of the attorney for the Commonwealth, the sentencing court may reduce the defendant's sentence if the defendant, after entry of the final judgment order, provided substantial assistance in investigating or prosecuting another person for (i) an act of violence as defined in § 19.2-297.1.[3]

Code § 19.2-303.01.  In response, the Commonwealth argues that the only opportunity for imposition of a sentence less than the mandatory minimum is provided in Code § 18.2-248(C)(a-e).

"The primary purpose of statutory interpretation 'is to ascertain and give effect to legislative intent.'"  Botkin, 296 Va. at 314 (quoting Brown v. Commonwealth, 284 Va. 538, 542 (2012)).  "Under basic rules of statutory construction, we determine the General Assembly's intent from the words contained in the statute."  Williams v. Commonwealth, 265 Va. 268, 271 (2003).  "[C]ourts should give the fullest possible effect to the legislative intent embodied in the entire statutory enactment."  Zamani v. Commonwealth, 26 Va. App. 59, 63 (1997) (quoting Virginia Real Estate Bd. v. Clay, 9 Va. App. 152, 157 (1989)).  "Two statutes which are closely interrelated must be read and construed together and effect given to all of their provisions."  Id. (quoting ACB Trucking, Inc. v. Griffin, 5 Va. App. 542, 547-48 (1988)).

Our analysis focuses on the General Assembly's use of the word "notwithstanding" in Code § 19.2-303.01.  Black's Law Dictionary defines "notwithstanding" as "[d]espite; in spite of," and "[n]ot opposing; not availing to the contrary."  Notwithstanding, Black's Law Dictionary (11th ed.

---

[3] Code § 19.2-297.1 defines "an act of violence" to include first and second-degree murder and voluntary manslaughter.

2014).  The word is defined by Webster's Dictionary as "without prevention or obstruction from or by."  Webster's Third New International Dictionary 1545 (1993).

We construed the meaning of "notwithstanding" in Green v. Commonwealth, 28 Va. App. 567 (1998).  In Green, we resolved a conflict between Code § 16.1-272(A)(1)(iii), permitting suspension of a juvenile offender's sentence, and a former version of Code § 18.2-53.1, requiring imposition of a mandatory minimum sentence for use or display of a firearm in committing a felony.[4]  In 1998, Code § 18.2-53.1 contained a provision stating that "[n]otwithstanding any other provision of law, the sentence . . . shall not be suspended in whole or in part."  See 2004 Va. Acts ch. 461 (deleting the provision from the current version of Code § 18.2-53.1).  Defining "notwithstanding" as "without prevention or obstruction from or by," we "conclude[d] that the terms of Code § 18.2-53.1 are not limited by other incongruous laws because the General Assembly intended Code § 18.2-53.1 to function 'without obstruction' from them."  Green, 28 Va. App. at 570.

Here, Code § 19.2-303.01 provides that "[n]otwithstanding any other provision of law or rule of court . . . the sentencing court may reduce the defendant's sentence" following imposition if the defendant provides substantial assistance to the Commonwealth.  As in Green, the plain language of Code § 19.2-303.01 indicates the General Assembly intended that the statute "function 'without obstruction' from" "other incongruous laws."  28 Va. App. at 570.  "When the language of a statute is unambiguous . . . [the Court is] bound by the plain meaning of that language."  Scott v. Commonwealth, 58 Va. App. 35, 48 (2011) (quoting Evans v. Evans, 280 Va. 76, 82 (2010)).  Although the Commonwealth argues that the phrase "[n]otwithstanding any other provision of law

---

[4] The relevant part of Code § 16.1-272(A)(1) permits the sentence of a juvenile offender sentenced as an adult to "be suspended conditioned upon successful completion of such terms and conditions as may be imposed in a juvenile court upon disposition of a delinquency case."

- 6 -

or rule of court" only applies to rules concerning finality of judgment such as Rule 1:1, the statute expresses no such limitation, and we decline to read one into the statute. Code § 19.2-303.01.[5] Appellate courts "must assume that the General Assembly chose, with care, the words it used in enacting the statute, and we are bound by those words when we apply the statute." Jordan v. Commonwealth, 295 Va. 70, 75 (2018). Therefore, we find that Code § 19.2-303.01 authorized the trial court to reduce appellant's mandatory minimum sentence for a violation of Code § 18.2-248, subsequent to its imposition, if it found he provided substantial assistance to the Commonwealth.

CONCLUSION

Because we conclude that the court erred by dismissing the motions to reconsider, we reverse and remand the case for a determination of whether appellant provided substantial assistance to the Commonwealth pursuant to Code § 19.2-303.01, warranting a reduction in his ten-year sentence imposed pursuant to Code § 18.2-248(C).

Reversed and remanded.

---

[5] Code § 19.2-303.01 contains limitations involving the timing of the prosecutor's motion to reconsider, and it also provides that the court shall consider the prosecutor's evaluation of the extent and truthfulness of the information received.