COURT OF APPEALS OF VIRGINIA

Present: Judges Ortiz, Lorish and Senior Judge Petty
Argued at Lexington, Virginia

UNPUBLISHED

JAMES WALLACE PLECKER

MEMORANDUM OPINION[*] BY
v.      Record No. 0494-23-3                    JUDGE WILLIAM G. PETTY
APRIL 30, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Edward K. Stein, Judge

Samantha Offutt Thames, Senior Appellate Counsel (Virginia
Indigent Defense Commission, on brief), for appellant.

Justin B. Hill, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


James Wallace Plecker pleaded guilty to aggravated sexual battery. After convicting him,

the trial court sentenced Plecker to 20 years' incarceration, with 8 years suspended indefinitely,

conditioned on indefinite supervised probation. Plecker challenges the conditions of his suspended

sentence, arguing that recent amendments to Code § 19.2-303 prohibited the trial court from

imposing indefinite periods of suspension and supervised probation as conditions of his suspended

sentence. He also argues that the trial court did not weigh his mitigating evidence properly when

imposing a 12-year active sentence. Finding no error, we affirm the trial court's judgment.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

In October 2022, Plecker pleaded guilty to aggravated sexual battery of a minor under the age of 13, in violation of Code § 18.2-67.3(A)(1). Before accepting his guilty plea, the trial court conducted a thorough colloquy to ensure it was voluntarily and intelligently entered. Plecker confirmed that he had discussed the charge and its elements with his attorney. After those discussions, he decided to plead guilty "of [his] own accord." He understood that the offense carried a maximum punishment of 20 years of incarceration and that the sentencing guidelines' recommendation was "not binding on" the trial court. The trial court accepted Plecker's guilty plea as freely, voluntarily, and intelligently made.

The Commonwealth proffered that between August and November 2021, when Plecker was 54 years old, he repeatedly sexually abused his 5-year-old grandniece, K.K., by digitally penetrating her vagina. Plecker also showed K.K. pornographic magazines while "tickl[ing]" her exposed vagina with a feather and dolls. During their investigation, police searched Plecker's residence and found pornographic magazines, dolls, and feathers. Plecker stipulated that the Commonwealth's proffered evidence was sufficient to convict him of the charged offense. Following the colloquy and proffer, the trial court convicted Plecker of aggravated sexual battery of a child under the age of 13.

At the sentencing hearing, the Commonwealth introduced a written "[v]ictim [i]mpact [s]tatement" from K.K.'s mother. K.K. continued to experience trauma because of Plecker's sexual abuse and betrayal of her trust. The trial court also considered discretionary sentencing guidelines

---

[1] We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires that we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

prepared by the probation office, which recommended between 2 years and 7 months of incarceration and 8 years and 11 months, with a midpoint of 6 years and 5 months. In addition, the court received a presentence investigation report summarizing Plecker's criminal record, which included convictions in 1998 for drug possession and distribution and convictions in 2009 for unlawful firearm possession, a protective order violation, and making written threats.

The report also described Plecker's efforts to overcome his own traumatic childhood, learning impairment, and history of substance abuse. Plecker's parents had neglected him, and he had suffered emotional and sexual abuse. Plecker performed poorly in school because he "suffered [from] a learning disability" and was often "teased by his peers." When he was 15, he quit school to work for his mother's business and began using marijuana. Plecker eventually started his own business but, after a series of unsuccessful marriages, became depressed and began using methamphetamine. Before his arrest, Plecker relied on his family and "public assistance" for financial support. Plecker sought substance abuse treatment before his arrest and received treatment for depression and anxiety while incarcerated. When interviewed about the offense, Plecker apologized and expressed remorse.

Plecker argued that the trial court should sentence him to "twenty years" with "thirteen years and seven months suspended," consistent with the "midpoint" of the sentencing guidelines' recommendation. He asserted that by pleading guilty, he had accepted responsibility and spared the victim from testifying at trial. In addition, Plecker emphasized that his "criminal history" was "relatively old" and included no prior convictions for sex offenses. Plecker concluded that his remorse, traumatic childhood, history of substance abuse, and learning impairment justified leniency. In allocution, Plecker apologized for sexually abusing K.K.

As noted, the trial court sentenced Plecker to 20 years' incarceration, with 8 years suspended for an "indefinite" period, conditioned upon "indefinite[]" supervised probation. Plecker did not

argue or otherwise object that Code § 19.2-303 prohibited the trial court from imposing indefinite periods of suspension and supervised probation.

On appeal, Plecker contends that the conditions of his suspended sentence exceeded the limits specified in Code § 19.2-303. Additionally, he argues that the trial court failed to give proper weight to his mitigating evidence.

ANALYSIS

I. The trial court correctly applied Code § 19.2-303.

Whether the trial court violated Code § 19.2-303 presents an issue of statutory interpretation, "a pure question of law" that we review de novo. *Heart v. Commonwealth*, 75 Va. App. 453, 460 (2022) (quoting *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022)). "[W]hen construing a statute, our primary objective is 'to ascertain and give effect to legislative intent,' as expressed by the language used in the statute." *Diaz-Urrutia v. Commonwealth*, 77 Va. App. 182, 190 (2023) (quoting *Cuccinelli v. Rector & Visitors of the Univ. of Va.*, 283 Va. 420, 425 (2012)). If "the language of a statute is unambiguous, we are bound by the plain meaning of that language." *Heart*, 75 Va. App. at 466 (quoting *Cuccinelli*, 283 Va. at 425).

"After conviction . . . the court may suspend imposition of sentence or suspend the sentence in whole or part and . . . may place the defendant on probation under such conditions as the court shall determine." Code § 19.2-303. Effective July 1, 2021, the General Assembly amended and reenacted Code § 19.2-303, adding language generally limiting a trial court's authority to impose probation: "The court may fix the period of probation for *up to the statutory maximum period* for which the defendant might originally have been sentenced to be imprisoned." *Id.* (emphasis added); 2021 Va. Acts Spec. Sess. I ch. 538. In addition, "[a]ny period of supervised probation *shall not exceed five years* from the release of the defendant from any active period of incarceration." *Id.* (emphasis added).

- 4 -

Seizing on that amended language, Plecker contends that Code § 19.2-303 implicitly barred trial courts from imposing a period of suspension exceeding the duration of the applicable statutory maximum penalty—in this case, 20 years. Similarly, Plecker contends the trial court lacked authority to impose more than five years of supervised probation.[2] We disagree.

Plecker's argument ignores additional language in Code § 19.2-303, which expressly provides:

> *Notwithstanding any other provision of law*, in any case where a defendant is convicted of a violation of [any of eight enumerated offenses, including Code § 18.2-67.3], committed on or after July 1, 2006, and some portion of the sentence is suspended, the judge shall order that the period of suspension shall be for a length of time *at least equal to* the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, and the defendant shall be placed on probation for that period of suspension subject to revocation by the court. The conditions of probation may include such conditions as the court shall determine, including active supervision.

(Emphases added). It is well established that when one statutory provision "speaks generally on an issue and another addresses the same issue in a more specific manner, 'the two should be harmonized, if possible, and where they conflict, the latter prevails.'" *Chesapeake Hosp. Auth. v. State Health Comm'r*, 301 Va. 82, 96 (2022) (quoting *Va. Dept. of Health v. Kepa, Inc.*, 289 Va. 131, 142 (2015)). Moreover, we have held that the General Assembly's use of the term "notwithstanding" in a statute manifests the legislature's intent for the statute to "function 'without obstruction' from" "other incongruous laws." *Holloway v. Commonwealth*, 72 Va. App. 370, 377 (2020) (quoting *Green v. Commonwealth*, 28 Va. App. 567, 570 (1998)).

---

[2] Plecker concedes that he did not preserve his arguments for appellate review under Rule 5A:18 but argues that we can consider the issue because the court's order violated Code § 19.2-303's limitations and was therefore void ab initio. We do not address whether Plecker's arguments are procedurally defaulted because "resolving the merits of the question presented constitutes the narrowest and best ground." *Harvey v. Commonwealth*, 65 Va. App. 280, 285 n.2 (2015) (addressing merits of assignment of error as the "narrowest and best ground" despite the Commonwealth's argument that there was a procedural default).

The trial court suspended part of Plecker's sentence for the aggravated sexual battery he committed after July 1, 2006. Thus, "notwithstanding any other provision of law," the provisions of Code § 19.2-303 specifically addressing the enumerated felonies, including aggravated sexual battery, define the trial court's authority to set the conditions of Plecker's suspended sentence, not the general language on which Plecker relies. The statutory provision specifically applicable to Plecker's circumstances *requires* the trial court to impose a suspension period "*at least*" equal to the applicable maximum statutory penalty. Code § 19.2-303 (emphasis added). The trial court must also impose a concurrent period of probation, during which the defendant *may* be placed on "active supervision." *Id.* Consistent with that provision, the trial court imposed an "indefinite" suspension period that was "at least" equal to the 20-year maximum penalty for aggravated sexual battery. *See* Code §§ 19.2-303, 18.2-67.3(B). In addition, the trial court placed Plecker on a concurrent period of probation during which he would be subject to "indefinite[]" active supervision, consistent with the statute. Thus, the trial court did not violate Code § 19.2-303.[3]

II. The trial court properly weighed Plecker's mitigating evidence.

We review a trial court's sentencing decisions for abuse of discretion. *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016). "Only when reasonable jurists could not differ can we

---

[3] At oral argument Plecker raised the possibility that the indefinite suspension would violate Code § 19.2-303 if it were to be terminated prior to the mandatory period required by the statute. Under the "ripeness" doctrine, this Court will not address

> claims that, while potentially viable at some point in the future, have yet to mature into a justiciable controversy—that is, an actual controversy between the parties that is not based solely on speculation or purely hypothetical scenarios that may (or may not) occur at some undefined point in the future.

*Berry v. Bd. of Supervisors of Fairfax Cnty.*, 302 Va. 114, 131 (2023). Thus, although Plecker's hypothetical scenario *might* occur, it has *not yet* occurred and his claim thus is not ripe for judicial review. *Id.*

say an abuse of discretion has occurred." *Id.* (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)).

Plecker contends that the 12-year active sentence imposed on him represented an abuse of the trial court's sentencing discretion. He contends that the trial court failed to "appropriately consider" his mitigating evidence, including his acceptance of responsibility and efforts to overcome his traumatic childhood, learning disability, and history of substance abuse and depression. Plecker asserts that because the trial court "made no acknowledgement" of those factors "when rendering its sentence," the court must have disregarded them.

"[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du*, 292 Va. at 564 (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). It was within the trial court's purview to weigh the mitigating circumstances of the case, including those circumstances Plecker cites on appeal. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Balanced against those circumstances, however, was the seriousness of Plecker's offense and the enduring harm his sexual abuse caused K.K.

In addition, "[b]arring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992). Plecker's argument fails to identify such clear evidence, instead merely suggesting that the trial court must have ignored his mitigating evidence because it did not expressly reference it. The trial court did not have to explain the specific weight it assigned to each piece of evidence. Indeed, "[a]bsent a statutory requirement to do so, 'a trial court is not required to give findings of fact and conclusions of law.'" *Bowman v. Commonwealth*, 290 Va. 492, 500 n.8 (2015) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)).

"[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565). Here, the sentence the trial court imposed was within the range set by the legislature. *See* Code § 18.2-67.3(B). In sum, we conclude that the trial court appropriately weighed Plecker's mitigating evidence before imposing a sentence within the limitations set by the legislature.

## CONCLUSION

The trial court did not violate Code § 19.2-303 or fail to weigh Plecker's mitigating evidence properly in fashioning his sentence. Thus, we affirm the trial court's judgment.

*Affirmed.*