COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Humphreys
Argued by teleconference


DEVAINTE J. GREEN

MEMORANDUM OPINION[*] BY
v.      Record No. 1782-09-2                CHIEF JUDGE WALTER S. FELTON, JR.
                                            AUGUST 3, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
James F. D'Alton, Jr., Judge

(James R. Traylor; James R. Traylor & Associates, on brief), for
appellant.  Appellant submitting on brief.

Susan M. Harris, Assistant Attorney General (Kenneth T. Cuccinelli,
II, Attorney General, on brief), for appellee.


Devainte J. Green ("appellant") appeals his convictions for grand larceny in violation of

Code § 18.2-95 and malicious wounding in violation of Code § 18.2-51.  On appeal, appellant

contends the evidence was insufficient to find him guilty of both crimes.  For the reasons that

follow, we disagree and affirm his convictions.

I.  BACKGROUND

"Under well-settled principles of appellate review, we consider the evidence presented at

trial in the light most favorable to the Commonwealth, the prevailing party below."  Bolden v.

Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008).  "We also accord the

Commonwealth the benefit of all inferences fairly deducible from the evidence."  Riner v.

Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The evidence at trial proved that appellant was Letoria Wesson's boyfriend. On February 19, 2009, appellant and Wesson had been arguing for a "couple of hours." The argument turned "physical" when Wesson told appellant she was going to call the police. Appellant, who was about 6 feet, 5 inches tall and weighed 180 pounds, punched Wesson in the face and knocked her to the floor. Wesson, who was 5 feet, 4 inches tall and weighed 127 pounds, estimated appellant hit her four or five more times in the face while she was lying on the floor. Appellant then took $160 and a cell phone from Wesson's purse and left Wesson's home. A neighbor, hearing the commotion, called the police. When Officer K. Landon arrived at Wesson's home, Wesson's cheekbone was puffy and bruised, and her lip was split and bleeding. The officer estimated Wesson's lip was double its normal size. After a few minutes, Wesson's eye was swollen "[a]lmost completely shut."

At the close of the Commonwealth's case at trial, appellant moved to strike the evidence pertaining to the grand larceny of the phone because Wesson had testified appellant regularly used the cell phone. Appellant did not move to strike the Commonwealth's malicious wounding evidence. The trial court denied the motion.

Appellant then testified that he had argued with Wesson, "but it was no fight." He denied touching her face or head, but admitted pushing her out of the way when he left. Appellant also claimed that the cell phone was his and that it had been in his pocket during their argument. He admitted to once being convicted of a felony, but denied taking money from Wesson's purse.

After appellant presented his evidence, he renewed his earlier motion to strike, but did not argue further. The trial court overruled appellant's renewed motion to strike and requested argument pertaining to the sufficiency of the evidence.

In closing argument, appellant's counsel asserted that appellant had testified truthfully and that appellant would not be before the trial court but for the neighbor calling Petersburg

police. Appellant's counsel also argued he deserved leniency because the case was a "boyfriend-girlfriend situation." The trial court found appellant guilty of malicious wounding and grand larceny.

## II. ANALYSIS

### A. Grand Larceny

Appellant asserts that the evidence presented at trial was insufficient to convict him of grand larceny of Wesson's cell phone. However, in his brief on appeal appellant provides no argument as to why the evidence was insufficient nor does he cite any authorities in support of his assertion. Rule 5A:20(e) requires appellants to brief the "standard of review and the argument (including principles of law and authorities) relating to each assignment of error." "'Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration.'" Epps v. Commonwealth, 47 Va. App. 687, 718, 626 S.E.2d 912, 926-27 (2006) (en banc) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992)). In Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008), the Supreme Court concluded that "the Court of Appeals may . . . treat a question presented as waived" if the Court determines the "failure to strictly adhere to the requirements of Rule 5A:20(e) is []significant." See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."). Because appellant failed to comply with the mandates of Rule 5A:20(e), he has waived his claim that the evidence was insufficient to find him guilty of grand larceny.

### B. Malicious Wounding

On appeal, appellant asserts the evidence was insufficient to convict him of malicious wounding because he did not use a weapon during the assault on Wesson nor did Wesson's

- 3 -

injuries show appellant had the requisite "intent to maim, disfigure, disable, or kill" Wesson as required by Code § 18.2-51. Appellant did not raise these arguments to the trial court, nor did appellant make any argument to the trial court regarding the sufficiency of the evidence to prove malicious wounding. We will not consider alternative arguments raised for the first time on appeal. See Rule 5A:18.

> The laudatory purpose behind Rule 5A:18, and its equivalent Supreme Court Rule 5:25, frequently referred to as the contemporaneous objection rules, is to require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary. The rules promote orderly and efficient justice and are to be strictly enforced except where the error has resulted in manifest injustice. Errors can usually be corrected in the trial court, particularly in a bench trial, without the necessity of appeal. Because our function is to review the rulings of the trial court, rather than superintend the proceedings, we will notice error for which there has been no timely objection only when necessary to satisfy the ends of justice.

Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989). Appellant does not argue that we should invoke either the good cause or ends of justice exceptions to Rule 5A:18. See Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997). The Court will not consider Rule 5A:18 exceptions *sua sponte*. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (en banc).

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>